Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts
### Eastern Division

DISTRICT COURT
OF MASS.

| | |
|---|---|
| Michael Bush, Pro Se | Case No. _____ |
| Linda Taylor, Pro Se | *(to be filled in by the Clerk's Office)* |
| Lisa Tiernan, Pro Se | |
| Kate Henderson, Pro Se | |
| Robert Egri, Pro Se | |
| Katalin Egri, Pro Se | |
| Anita Opitz, Pro Se | |
| Monica Granfield, Pro Se | |
| Ann Linsey Hurley, Pro Se | |
| Ian Sampson, Pro Se | |
| Susan Provenzano, Pro Se | |
| Joseph Provenzano, Pro Se | |

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

-v-

Linda Fantasia

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Martha Feeney-Patten

Anthony Mariano

Catherine Galligan

Jean Jasaitis Barry

Patrick Collins

David Erickson

Timothy Goddard

Town of Carlisle

John Doe

Jane Doe

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Please see the enclosed document titled *The Plaintiffs*.

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Linda Fantasia |
| Job or Title *(if known)* | Health Agent, Town of Carlisle |
| Address | 142 Park Road |
| City | Chelmsford |
| State | MA |
| Zip Code | 01824 |
| County | Middlesex |
| Telephone Number | 978-369-0283 |
| E-Mail Address *(if known)* | lfantasia@carlislema.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Martha Feeney-Patten |
| Job or Title *(if known)* | Director of Gleason Public Library |
| Address | 53 Park Street |
| City | Hudson |
| State | MA |
| Zip Code | 01749 |
| County | Middlesex |
| Telephone Number | 978-369-4898 |
| E-Mail Address *(if known)* | mpatten@gleasonlibrary.org |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Anthony Mariano |
| Job or Title *(if known)* | Member, Town of Carlisle Board of Health |
| Address | 1134 North Road |
| City | Carlisle |
| State | MA |
| Zip Code | 01741 |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

|  |  |
|---|---|
| County | Middlesex |
| Telephone Number | (978) 287-0441 |
| E-Mail Address *(if known)* | tbdmmariano@aol.com |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| Name | Jean Jasaitis Barry |
|---|---|
| Job or Title *(if known)* | Member, Town of Carlisle Board of Health |
| Address | 161 Nathan Lane |
|  | Carlisle / MA / 01741 |
|  | *City / State / Zip Code* |
| County | Middlesex |
| Telephone Number | 978-238-8172 |
| E-Mail Address *(if known)* | jean.j.barry@gmail.com |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 5**

| Name | Timothy Goddard |
|---|---|
| Job or Title *(if known)* | Town of Carlisle Administrator & ADA Coordinator |
| Address | 62 Edsel Road |
|  | Littleton / MA / 01460 |
|  | *City / State / Zip Code* |
| County | Middlesex |
| Telephone Number | 978-371-6688 |
| E-Mail Address *(if known)* | tgoddard@carlislema.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 6**

| | |
|---|---|
| Name | Catherine Galligan |
| Job or Title *(if known)* | Member, Town of Carlisle Board of Health |
| Address | 224 South Street |
| | Carlisle, MA 01741 |
| | *City / State / Zip Code* |
| County | Middlesex |
| Telephone Number | |
| E-Mail Address *(if known)* | catgalligan@comcast.net |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 7**

| | |
|---|---|
| Name | David Erickson |
| Job or Title *(if known)* | Member, Town of Carlisle Board of Health |
| Address | 237 Fiske Street |
| | Carlisle, MA 01741 |
| | *City / State / Zip Code* |
| County | Middlesex |
| Telephone Number | |
| E-Mail Address *(if known)* | daveeric@alum.mit.edu |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 8**

| | |
|---|---|
| Name | Patrick Collins |
| Job or Title | Member, Town of Carlisle Board of Health |
| Address | 90 Applegrove Lane |
| | Carlisle MA 01741 |
| County | Middlesex |
| E-mail address | patrickjcollins@hotmail.com |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 9**

| | |
|---|---|
| Name | Town of Carlisle |
| Address | 66 Westford Street |
| | Carlisle MA 01741 |
| County | Middlesex |

Defendant No. 10

Name                             John Doe

Defendant No. 11

Name                             Jane Doe

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. U.S. Title 42 Chapter 126 Equal Opportunity For Individuals With Disabilities, commonly known as the Americans with Disabilities Act or "ADA"

2. U.S. Constitution, Amendment XIV Section 1, commonly known as the Equal Protection Clause

3. Code of Federal Regulations 50.20 "General Requirements For Informed Consent"

4. U.S. Title 42 Chapter 21 Subchapter II § 2000a "Prohibition against discrimination or segregation in places of public accommodation"

5. Title 18 U.S.C. § 242 - "Deprivation of Rights Under Color Of Law"

6. Title 18 U.S.C. § 1001 - "Statements or Entries Generally"

7. Title 21 U.S.C. §360bbb–3. – "Authorization for medical products for use in emergencies"

8. United Nations' 2006 Universal Declaration on Bioethics and Human Rights, Article 6

9. Massachusetts General Law Chapter 272 Section 98 "Discrimination in admission to, or treatment in, place of public accommodation; punishment; forfeiture; civil right"

10. Massachusetts General Law Chapter 272 Section 92A "Advertisement, book, notice, or sign relative to discrimination; definition of place of public accommodation, resort or amusement"

This District Court has original jurisdiction over claims under laws 1 through 7. Laws 7, 8, and 9 are simple, clear, and certainly within this Court's capacity to interpret and apply in this case. The Plaintiffs' claims under laws 7, 8, and 9 "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Therefore, the Plaintiffs request that this

Court exercise its jurisdiction over their claims under laws 7, 8, and 9 pursuant to 28 U.S.C. §1367 - Supplemental Jurisdiction.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

In August, September, and/or October 2021 Town of Carlisle Board of Health members Linda Fantasia, Anthony Mariano, Catherine Galligan, Jean J. Barry, David Erickson, and Patrick Collins issued mandates requiring all persons in public indoor spaces to wear face masks, in violation of the laws cited in section II(B) above. When they issued such face mask mandates, they used the color of Massachusetts General Law Chapter 111, §104 as rationale for their unlawful mandates. That statute does not give a Board of Health authority to mandate that people wear or use medical devices such as face masks. It merely gives the Board of Health the authority to, "give public notice" of "infected places."

The Board of Health members knew and/or had reason to know that they did not have the legal authority to issue such a face mask mandate. The Plaintiffs already have evidentiary support for this claim and expect to uncover further details and potentially further evidence of this malfeasance via formal discovery.

Furthermore, were the Board of Health members to have truly had the legal authority to issue some sort of mandate, the particular mandates the Board issued are nonetheless in violation of the Plaintiffs' constitutional and civil rights. Witness that unlawful enforcement of an otherwise valid statute demonstrates unreasonable behavior depriving a government official of qualified immunity.  See Pierce v. Multnomah Cty., Or., 76 F.3d 1032, 1037 (9th Cir. 1996); Chew v. Gates, 27 F.3d 1432, 1450 (9th Cir. 1994)

Additionally, the Board of Health Agent and members/Defendants had reason to know the Understanding Masks To Protect Children From COVID19 document they published on the town government's website made materially false and fraudulent representations in violation of

Title 18 U.S.C. §1001, yet they published it anyway under the color of law as municipal employees/officials.

Throughout much of 2020 and 2021 the Director of the Gleason Public Library, Martha Feeney-Patten, implemented and communicated a face mask requirement of her own in the public library, in violation of the laws cited in section II(B) above.

To the best of the Plaintiffs' understanding, Director Feeney-Patten has never claimed that a specific law authorized her to make such an unlawful rule in a place of public accommodation. Instead, Director Feeney-Patten used her position as a municipal employee to imply that she had the legal authority to create and implement such an unlawful policy.

The Plaintiffs have further evidence that Defendant Feeney-Patten may face supervisory liability for legal violations of her staff, as "'The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.'" Rodriguez, 891 F.3d at 798 (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); see also King, 885 F.3d at 559.

If qualified immunity applies at all to the Defendants, it could only apply in their individual capacities. Municipal employees sued in their official capacities are not entitled to qualified immunity. See Eng. v. Cooley, 552 F.3d 1062, 1064 n.1 (9th Circuit 2009); Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 (9th Circuit 1992).

Additionally, these named Defendants are not entitled to qualified immunity in their individual capacities either, as (1) they violated the Plaintiffs' statutory and constitutional rights, and (2) those rights were 'clearly established' at the time of the challenged conduct.

---

**III.   Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

The town of Carlisle, Middlesex County, Massachusetts, U.S.A.

---

B.   What date and approximate time did the events giving rise to your claim(s) occur?

Please see the facts listed in item C below.

---

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. All of the Defendants are municipal employees and/or officials of the Town of Carlisle, Massachusetts.

2. On October 20th and 21st, 2020 Plaintiff Michael Bush exchanged email messages with Defendant Linda Fantasia in which Bush informed Fantasia that—among other things—the town officials' messaging about face masks had contributed to harassment and discrimination against people for whom face masks are medically inappropriate, in violation of the Americans with Disabilities Act.

3. Thus, Defendant Fantasia and (according to Fantasia's reply) the other Board of Health members named as Defendants had reason to know that their public messaging on that topic was contributing to violations of—at a minimum—the Americans with Disabilities Act. That email exchange is enclosed as Exhibit 1.

4. On March 22nd, 2021 Plaintiff Michael Bush emailed Defendants Linda Fantasia and Martha Feeney-Patten and informed them that—among other things—face masks are medically inappropriate for him to wear and that he had been subjected to harassment and discrimination on that basis due to the Defendants' published face mask policies. (A copy of that email exchange is enclosed as Exhibit 2.) Thus, the Defendants had reason to know that their communications and policies as municipal employees were violating the Plaintiff's civil rights.

5. On March 22nd, 2021 the Defendants Linda Fantasia and Martha Feeney-Patten each replied to Plaintiff Michael Bush's email message from earlier that day. Neither Fantasia nor Feeney-Patten offered any solution to the discrimination and exclusion of which the Plaintiff notified them. Instead, Feeney-Patten offered suggestions for the Plaintiff to receive partial service while being barred from the public library.

6. Despite Plaintiff Michael Bush's notice to Defendant Martha Feeney-Patten of the discriminatory nature of her policy, during much of 2020 and well into 2021 Feeney-Patten persisted in communicating via her public library's website and her official public library email newsletter to subscribers her face mask policy in violation of the laws specified in section II(B) above. (See Exhibit 3 enclosed.)

7. In early August 2021 the Wall Street Journal published an article by eminent epidemiologist and professor of medicine at Stanford University Dr. Jay Bhattacharya and professor of economics at George Mason University Donald. J. Boudreaux. As the professors explained, no degree of vaccination, face mask usage, or violations of civil liberties can eradicate or contain COVID-19. Furthermore, they pointed out what has been self-evident to anyone willing to acknowledge the obvious: attempting to chase and suppress at all costs this germ and infectious disease that cannot be contained or eliminated has done immense harm to public health and the well-being of our society. (See Exhibit 4 enclosed.)

8. On August 25th, 2021 the Board of Health members named as Defendants unanimously voted to adopt an indoor face mask mandate. (See Exhibit 5 enclosed.)

9. In its memorandum dated August 26th, 2021 the Board of Health also requested that the Select Board issue an emergency declaration for the implementation of a local face mask mandate when the Board of Health members named as Defendants had reason to know that circumstances did not constitute an emergency or warrant an emergency declaration. The Plaintiffs have evidentiary support for this claim and expect to gather further evidentiary support via formal discovery.

10. On September 8th, 2021 several of the Plaintiffs had the United States Postal Service deliver by mail their "Notice and Demand Letters" to Defendants Timothy Goddard, Linda Fantasia, and Martha Feeney-Patten. (See Exhibits 6, 7, and 8 enclosed.)

11. In those Notice and Demand Letters, several of the Plaintiffs notified the Defendants that—among other things—the Board of Health's and Gleason Public Library Director Martha Feeney-Patten's face mask policies violated the Plaintiffs' civil rights and subjected members of the public to uninformed medical experimentation without disclosing known harms.

12. On September 22nd, 2021 Plaintiff Michael Bush received an email message from Defendant Linda Fantasia acknowledging receipt of what the Defendant termed "Notice of Claim Pursuant to M.G.L. Ch 260 and 42 U.S.C.~1983 and Demand For Resolution". A copy of that email message is enclosed as Exhibit 9.

13. Defendant Fantasia has provided no other response to the Notice and Demand Letter delivered to her.

14. Defendant Fantasia has never addressed the legal violations of which she was notified in the Notice and Demand Letter.

15. Defendant Martha Feeney-Patten has never provided any response to the Notice and Demand Letter delivered to her.

16. Defendant Timothy Goddard has never provided any response to the Notice and Demand Letter delivered to him.

17. In defiance of the Plaintiffs' Notice and Demand Letters and in continued violation of the legal rights they had been informed of, the Board of Health members voted to renew their unlawful face mask mandate in October 2021.

18. On October 20th, 2021 Plaintiff Monica Granfield was in the Gleason Public Library and a staff member told Granfield that she must wear a mask in the library.

19. On October 26th, 2021 the Gleason Public Library emailed another edition of its newsletter to its subscribers which again repeated the face mask requirement that Director of the library Defendant Martha Feeney-Patten had previously been informed violated the Plaintiffs' constitutional and statutory rights. Defendant Feeney-Patten faces personal and/or supervisory liability for this persistent pattern of willful violations of the laws cited in section II(B) above.

20. The Plaintiffs have pursued and exhausted administrative remedies in this case. The Plaintiffs submitted a formal report (record number 105970-HNC) of civil rights violations by the Defendants via the Department of Justice's official online portal for that purpose. Weeks later, Plaintiff Michael Bush called the Department of Justice's Civil Rights Division Complaint Line twice during regular business hours to follow up on the submitted report, could not reach a representative during either call, and left a voicemail message. The Department of Justice subsequently replied and referred the complaint to the Civil Rights Division of the Department of Education. Plaintiff Michael Bush later called and left a voicemail message at that Department of Education's office regarding the referred complaint. The Plaintiffs now choose

to exercise their legal rights via this Court.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

No physical injuries are alleged to have been inflicted on the Plaintiffs via direct physical assault by the Defendants. Instead, the injuries suffered by the Plaintiffs due to the Defendants' misconduct under the color of law have been violation of their constitutional, statutory, and human rights cited above, deprivation of services, and infliction of harassment, segregation, uninformed non-consensual medical experimentation, and mental and emotional distress.

**V.     Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Whereas the Defendants:

1. knowingly and willfully created and communicated unlawful and harmful messages and policies in violation of the Plaintiffs' constitutional, statutory, and other legal rights,

2. persisted with and renewed those unlawful policies even after being informed they were violating the Plaintiffs' constitutional, statutory, and other legal rights, inflicting mental and emotional distress, and endangering members of the public, and

3. did so under the color of law in their roles as municipal employees and officials,

And whereas those Defendants as municipal employees and officials cannot have qualified immunity in their official capacities and have by their conduct forfeited qualified immunity in their individual capacities as mentioned in section II(D) above,

Therefore, the Plaintiffs respectfully request the Court:

1. Order that Defendants Linda Fantasia and Martha Feeney-Patten each personally pay $40,000 in compensatory, presumed and/or punitive damages to each Plaintiff

2. Order that Defendants Linda Fantasia and Martha Feeney-Patten reimburse the Plaintiffs for their expenses incurred in the course of this litigation

3. Order that Defendants Catherine Galligan, Anthony Mariano, Patrick Collins, David Erickson, and Jean Barry each personally pay $30,000 in compensatory, presumed and/or punitive damages to each Plaintiff

4. Order that Defendant Timothy Goddard pay $5,000 in presumed or nominal damages to each Plaintiff

5. Declare the Defendants' face mask policies unlawful and void

6. Order that The Defendants henceforth refrain from uninformed non-consensual medical experimentation and religious and medical discrimination

7. Order the Defendants in their roles as municipal officials to mail within 15 days to all businesses open to the public in the town of Carlisle MA copies of:

    a. The Court's order

    b. The full text of each of the laws in section II(B) above.

8. Order the Defendants to publish at their personal expense in the local Carlisle Mosquito printed newspaper a copy of the Court's order.

The Plaintiffs claim their right to trial by jury.

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of m12y case.

Date of signing             *November 3, 2021*

Plaintiff's signature       *Michael Bush* Pro Se

Plaintiff's printed name    Michael Bush (agrees to accept case-related papers for the group

of Plaintiffs)

Address: 280 Lowell Street, Carlisle MA 01741

E-mail: bmoc54@verizon.net

Phone: 978-734-3323