UNITED STATES DISTRICT COURT
for the
District of Massachusetts

Eastern Division

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; KATE HENDERSON; ROBERT EGRI; KATALIN EGRI; ANITA OPTIZ; MONICA GRANFIELD, ANN LINSEY HURLEY; IAN SAMPSON; SUSAN PROVENZANO; JOSEPH PROVENZANO, *Pro Se Plaintiffs*<br><br>VS.<br><br>LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY; PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN OF CARLISLE; JOHN DOE; JANE DOE *Defendants* | Case No.   1:21-cv-11794-ADB |

# PLAINTIFFS' REQUEST FOR RECONSIDERATION / OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO <u>EXTEND TIME TO RESPOND TO COMPLAINT</u>

Plaintiffs request reconsideration from the Court and oppose herewith the Defendants'

Motion For Leave To Extend Time To Respond To Complaint:

## *Relevant Facts*

The named Defendants are officials and personnel of the Town of Carlisle. Several of the Pro Se Plaintiffs served Defendants Timothy Goddard, Martha Feeney-Patten, and Linda Fantasia with their Notice and Demand Letters (enclosed as <u>Exhibits 1, 2, and 3</u>) on September 8th, 2021. The Letters notified the Defendants of their deprivation of the Plaintiffs' rights under color of law and gave the Defendants 15 days to correct those violations. Defendants Goddard and Feeney-Patten have provided no response whatsoever. On September 22nd, 2021 Defendant Fantasia merely sent Plaintiff Michael Bush an email message acknowledging receipt of the Letter addressed to her (enclosed as <u>Exhibit 4</u>) but has provided no other response.

On November 15th, 2021, the Defendants were served with summonses and this lawsuit's complaints and exhibits. The summonses informed the Defendants they had 21 days (until December 6th, 2021) to serve on the Plaintiffs their answer(s) to the complaint or a Motion under Federal Rule of Civil Procedure 12. According to an article published online on November 17th, 2021 in the local Carlisle Mosquito newspaper (enclosed as <u>Exhibit 5</u>), the Defendants provided a copy of the lawsuit complaint to their town legal counsel the same day it was served on them. On November 23rd, 2021 the Defendants even held a special meeting to discuss their strategy in this litigation. (See <u>Exhibit 6</u> enclosed.)

Yet as if none of that had occurred, the Defendants' attorney John Davis telephoned Plaintiff Michael Bush on December 2nd (merely four days before the response deadline), and said he was going to ask the court for a 30-day extension to the response deadline, as he had just been assigned the case. Bush responded that he was sympathetic to attorney Davis' situation and that he would agree to a one-week extension but that a 30-day extension would be excessive and unfair to him and the other Pro Se Plaintiffs. Attorney Davis said he understood Bush's concern

but electronically served the Defendants' Motion for a 30-day extension. One hour after the Defendants' counsel filed electronically, the Court granted the Motion.

This case is not theoretical, nor does it involve some sort of isolated product liability or telephone consumer protection act issue. This case involves longstanding, ongoing, and cumulative damage to the Pro Se Plaintiffs with deprivation of their rights under color of law. The Plaintiffs were communicative and attempted to resolve these matters without litigation over an extended period of time. The Defendants have remained defiant, tyrannical, and unresponsive.

## Memorandum of Reasons

a. **Citation of Supporting Authorities**

1. *The intent of the Fed. Rules Civ. Proc.*

The very first Federal Rule of Civil Procedure states that the Rules, "should be construed, administered, and employed by the court and the parties to secure the **just, speedy**, and inexpensive determination of every action and proceeding." (Emphasis added)

2. *The necessity of good cause*

Federal Rule of Civil Procedure 6(b)(1) states that, ""When an act may or must be done within a specified time, the court may, **for good cause**, extend the time..." (Emphasis added)

3. *Requirements of motions*

Local Rule of Civil Procedure 7.1(b)(1) states that, ""A party filing a motion **shall at the same time file a memorandum of reasons**, **including citation of supporting authorities**, why the motion should be granted. **Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion**." (Emphases added)

4. *Opportunity to oppose a motion*

Local Rule of Civil Procedure 7.1(b)(2) allows for the party served with a motion to oppose it, stating, "A party opposing a motion shall file an opposition within 14 days after the motion is served."

### b. Facts Applied to the Standards

Because this case involves deprivation of the Plaintiffs' rights under color of law and ongoing damage to the Plaintiffs, the undersigned Plaintiffs do appreciate the Court having ruled swiftly on the Defendants' Motion. However, the Plaintiffs were not afforded their right to file this Opposition per Local Rule Civ. Proc. 7.1(b)(2) before the Court issued its ruling.

The Defendants had been on formal notice of their deprivation of the Plaintiffs' rights for months before being served with this lawsuit. And the Defendants gave their legal counsel a copy of the lawsuit complaint immediately once they had been served with it. The Defendants then held a meeting devoted to their strategy in this lawsuit well before Defendants' counsel served this Motion. To extend their deadline to respond to the complaint by 30 days has lengthened their response timeframe to an extraordinary 51 days without the good cause required by Federal Rule of Civil Procedure 6(b)(1). Taking into consideration that the Defendants were served with a Notice and Demand Letter on September 8th, 2021 to which they have never provided a substantive response, it can be argued that the response deadline has effectively been extended to a staggering 119 days. All of this flouts Fed. Rule Civ. Proc. 1's requirement for application of the Rules to secure the, "just, speedy, and inexpensive determination of every action and proceeding."

The Defendants' Motion is defective in multiple respects in that it lacks: 1) a separate memorandum of reasons, and 2) the affidavits or other documents evidencing facts on which the motion is based, both of which are required by Local Rule Civ. Proc. 7.1(b)(1). In contrast,

documents evidencing supporting facts are enclosed with this Opposition and this Opposition includes a memorandum of reasons, which Local Rule Civ. Proc. 7.1(b)(2) specifies must be, "in the same (rather than a separate) document…"

## Conclusion

Wherefore, the undersigned Pro Se Plaintiffs request the Court:

1. reconsider its ruling on the Defendants' Motion rendered before the Plaintiffs could write and serve their Opposition,
2. deny the Motion that is both defective and lacks good cause, and
3. order the Defendants to serve their Response to the Complaint by December 13th, 2021 or within three (3) business days of the Court's Order, whichever is the later.

Respectfully submitted,

December 5, 2021 -   _____, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

December 3, 2021 -   _____ Pro Se

IAN A SAMPSON
315 FISKE ST.
CARLISLE, MA 01741
978.944.2258

December 5, 2021 -   _____ Pro Se
Susan Parveens
80 Mill Pond Ln
Carlisle, MA 01741
978-505-2078

December 5, 2021   _____ Pro Se
ROBERT EGRI
80 Wildwood Drive
Carlisle, MA 01741
978 656 6756

December 5, 2021.   _____ Pro Se
KATALIN EGRI
80 Wildwood Drive
Carlisle, MA 01741
978 656 6756

December 5, 2021         *Monica Granfield*            Pro Se
                         MONICA GRANFIELD
                         110 CARLISLE PINES DR
                         CARLISLE, MA 01741
                         978-371-7013

December 5, 2021         *Lisa Tiernan*                Pro Se
                         Lisa Tiernan
                         116 Lowell Rd.
                         Westford, MA 01886
                         978-257-3314

                  December 5, 2021        /s/ Ann Linsey Hurley,  Pro Se
                                          Ann Linsey Hurley
                                          10 Half Moon Hill
                                          Acton MA 01720
                                          Phone: 978-793-7291

## **CERTIFICATE OF SERVICE**

I, Michael Bush, hereby certify that I have, on this __5th__ day of December, 2021, electronically served a copy of the foregoing and any accompanying document(s) pursuant to Fed. Rule Civ. Proc. 5(b)(2)(E) and Local Rule 5.2 upon the following:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

_____*Michael Bush*_____, Pro Se

Michael Bush