UNITED STATES DISTRICT COURT
for the
District of Massachusetts

Eastern Division

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; KATE HENDERSON; ROBERT EGRI; KATALIN EGRI; ANITA OPTIZ; MONICA GRANFIELD, ANN LINSEY HURLEY; IAN SAMPSON; SUSAN PROVENZANO; JOSEPH PROVENZANO, *Pro Se Plaintiffs* <br><br> VS. <br><br> LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY; PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN OF CARLISLE; JOHN DOE; JANE DOE <br> *Defendants* | Case No.   1:21-cv-11794-ADB |

## LETTER ADDRESSING MOOTNESS DOCTRINE

The undersigned Pro Se Plaintiffs were unaware that motions to strike are generally disfavored. We thank this Court for its citation of pertinent case law when it denied our emergency motion to strike on March 14th, 2022.

Accordingly, the Defendants' counsel's ex parte letter filed March 11th, 2022 informing this Court that some of the Defendants lifted one of the two face mask mandates at the heart of this case remains on the docket. We have since researched and reviewed the mootness doctrine, exceptions to that doctrine pertinent to this case, relevant facts in this case, and applicable case law. We present those facts and our arguments herein for the court's information and consideration.

First, the Defendants' counsel's letter informed the Court only that the Board of Health member Defendants had lifted their face mask mandate. The other face mask mandate in this case (issued by other Defendants and addressed in both our complaint and our opposition to the Defendants' motion to dismiss) has not been rescinded. Thus, this case cannot be deemed moot. And if that separate mandate were rescinded subsequent to our serving and filing this letter, it would be a conspicuous instance of voluntary cessation to evade judicial review.

Regardless of whether the Defendants have issued face mask mandates that are in effect at the time of this lawsuit's judgment, this Court may grant some or all of the declaratory, injunctive, and monetary relief we seek in our complaint. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (quoting City of Erie, 529 U.S. at 287) (internal quotation marks omitted). See also, e.g., Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1660 (2019) (same); Campbell-Ewald, 577 U.S. at 161 (same); Decker, 568 U.S. at 609 (same); Chafin, 568 U.S. at 172 (same). Additionally, since there is the chance the damages we seek in this case may be awarded, it is important to note that the U.S. Supreme Court has held that, "[i]f there is any chance of money changing hands" as a result of the lawsuit, then the "suit remains live." Mission Prod. Holdings, 139 S. Ct. at 1660.

As long as the court retains the ability to "fashion some form of meaningful relief, "then that" is sufficient to prevent th[e] case from being moot." Church of Scientology, 506 U.S. at 12–13. See also, e.g., Chafin, 568 U.S. at 177 ("[E]ven the availability of a partial remedy is sufficient to prevent a case from being moot.") (quoting Calderon, 518 U.S. at 150) (brackets and internal quotation marks omitted).

The Defendants' counsel effectively informed this Court in his letter that the Board of Health member Defendants had voluntarily ceased their conduct challenged as unlawful in this case. But the U.S. Supreme Court has held that a party's voluntary cessation of a practice will usually not moot its opponent's challenge to that practice. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 609 (2001); City of Erie v. Pap's A.M., 529 U.S. 277, 287–89 (2000); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000); Ne. Fla. Chapter of

Associated Gen. Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 662 (1993); Chi. Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292, 305 n.14 (1986); United States v. Generix Drug Corp., 460 U.S. 453, 456 n.6 (1983); City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982); Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Allee v. Medrano, 416 U.S. 802, 810 (1974). This "voluntary cessation" exception to the mootness doctrine exists because if a litigant could defeat a lawsuit simply by temporarily ceasing its unlawful activities, there would be nothing to stop that litigant from engaging in that unlawful behavior again after the court dismissed the case —the litigant would effectively "be free to return to [its] old ways." Allee, 416 U.S. at 811 (quoting Gray v. Sanders, 372 U.S. 368, 376 (1963)). See also, e.g., Friends of the Earth, 528 U.S. at 189 (same).

By merely lifting one of their challenged mandates, the Defendants in this case have not assured us or this Court that their challenged conduct will not recur. As the U.S. Supreme Court has held, "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." (explaining that a party's burden to avoid the voluntary cessation doctrine is "formidable"). Friends of the Earth, 528 U.S. at 189 (quoting Concentrated Phosphate Export Ass'n, 393 U.S. at 203). See also, e.g., Trinity Lutheran Church, 137 S. Ct. at 2019 n.1; Adarand Constructors, 528 U.S. at 222. See also Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013).

Though of arguably limited applicability to our case as it involved a different type of mandate issued by a different category of government official (state rather than municipal), the United States Court of Appeals For the First Circuit's August 26th, 2021 ruling upholding a District Court's dismissal of the Boston Bit Labs, Inc. v. Charles D. Baker case ("Bit Labs ruling") as moot warrants some discussion here. As that Appeals Court cited in its ruling, "'[E]ven if the government withdraws or modifies a COVID restriction in the course of litigation,' our judicial superiors tell us, 'that does not necessarily moot the case.' See Tandon v. Newsom, 141 S. Ct. 1294, 1297 (2021) (per curiam)."

Importantly, as the Appeals Court noted in its Bit Labs ruling, the Plaintiff in that case did not seek "money damages". In contrast, we do seek money damages in this case, which precludes our case being ruled moot.

As the Appeals Court also noted in its Bit Labs ruling, Governor Charles D. Baker terminated his COVID-19 emergency declaration and all related orders before the ruling in August 2021. With a letter to the Appeals Court, Baker assured the court that his order challenged by the Plaintiff would not recur. The Appeals Court deemed the Defendant's assurance of non-recurrence of his challenged conduct "critical". In contrast, the Board of Health Defendants in our case only requested the town Select Board issue a declaration of emergency due to COVID-19 in August 2021 after Governor Baker terminated his declaration of such emergency. Thus, the arbitrary and capricious nature of the Board of Health Defendants' challenged conduct in our case becomes all the more obvious, on top of the relevant facts we noted in our opposition to their motion to dismiss.

Our email messages as well as notice and demand letters delivered by Certified Mail over the past year failed to persuade the heedless Defendants to rescind their unlawful mandates. Yet apparently a short statement by a single member of the public at the February 23rd, 2022 Board of Health meeting about how she "[felt] like it is appropriate at this time for Carlisle's mask mandate to be lifted" persuaded the Board of Health Defendants to lift their particular mandate we challenge. Also at the meeting, the Defendants acknowledged that COVID-19 was still present in town, infecting and sickening people. Yet they voted to lift their challenged mandate nonetheless. Those and more details are in the official minutes from that Board of Health meeting enclosed as Exhibit 1.

In its Bit Labs ruling in August 2021, the Appeals Court also seemed to be under the impression that the COVID vaccines/shots were or would bring COVID-19 under control. It was only around that time that it was starting to become evident that the shots could not achieve that objective.[1] Since then, large studies domestically and abroad [2] and [3] as well as the Massachusetts Department of Public Health's

---

[1] https://www.cnbc.com/2021/07/30/cdc-study-shows-74percent-of-people-infected-in-massachusetts-covid-outbreak-were-fully-vaccinated.html last visited March 20, 2022.

[2] **Shedding of Infectious SARS-CoV-2 Despite Vaccination**. Kasen K. Riemersma, Brittany E. Grogan, Amanda Kita-Yarbro, Peter J. Halfmann, Hannah E. Segaloff, Anna Kocharian, Kelsey R. Florek, Ryan Westergaard, Allen Bateman, Gunnar E. Jeppson, Yoshihiro Kawaoka, David H. O'Connor, Thomas C. Friedrich, Katarina M. Grande medRxiv 2021.07.31.21261387; doi: https://doi.org/10.1101/2021.07.31.21261387, last visited March 29, 2022.

[3] Subramanian, S.V., Kumar, A. **Increases in COVID-19 are unrelated to levels of vaccination across 68 countries and 2947 counties in the United States**. *Eur J Epidemiol* 36, 1237–1240 (2021). https://doi.org/10.1007/s10654-021-00808-7 last visited March 29, 2022.

own published data have shown with alarming clarity that the shots fail to prevent illness, hospitalization (see Exhibits 2 and 3 enclosed), and death from COVID-19, much less prevent infection or transmission of its associated virus SARS-CoV-2 (see Exhibit 4 enclosed). Thus, it is much more evident now that those tyrannically-inclined in government may reissue challenged COVID/medical mandates in the future than it was back in August 2021 when the Appeals Court issued its Bit Labs ruling. This is not merely according to us Plaintiffs, for unlike Governor Baker who assured the Appeals Court his challenged conduct would not recur, when lifting their face mask mandate on February 23rd, 2022 the Board of Health Defendants in this case *publicly stated* that their conduct we challenge *may very well recur* and *they reserve the right to engage in it*. In her notes on this very issue on the last page of Exhibit 1, Defendant Jean Barry states that a mask mandate "should be a temporary measure… We need to be able to pivot quickly and reverse course when the time is right." Barry went on to state that a future variant of the virus could be dangerous.

      In its Bit Labs ruling, the Appeals Court also noted that Bit Labs did not raise the "capable of repetition yet evading review" exception to the mootness doctrine. Thus, the Appeals Court did not consider that issue. We, however, do assert that the Defendants' two distinct face mask mandates (only one of which has been "lifted") are both capable of repetition yet evading review. The Defendants have demonstrated with their own conduct evidenced in our complaint and their conduct described by their own legal counsel's ex parte letter to this Court that they may issue such mandates we challenge and lift or rescind them in the blink of an eye, for any reason or criteria. The Supreme Court has generally declined to deem cases moot that present issues or disputes that are "capable of repetition, yet evading review." 1 ; FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007); Norman v. Reed, 502 U.S. 279, 287–88 (1992); Int'l Org. of Masters, Mates & Pilots v. Brown, 498 U.S. 466, 473 (1991); Meyer v. Grant, 486 U.S. 414, 417 n.2 (1988); Honig v. Doe, 484 U.S. 305, 317–23 (1988); Burlington N. R.R. Co. v. Bhd. of Maint. of Way Emps., 481 U.S. 429, 436 n.4 (1987); Brock v. Roadway Express, Inc., 481 U.S. 252, 257–58 (1987); Cal. Coastal Comm'n v. Granite Rock Co., 480 U.S. 572, 577–78 (1987); Press-Enter. Co. v. Super. Ct. of Cal. for Cty. of Riverside, 478 U.S. 1, 6 (1986); Globe Newspaper Co. v.

Super. Ct. for Cty. of Norfolk, 457 U.S. 596, 603 (1982); Democratic Party of U.S. v. Wisconsin ex rel. La Follette, 450 U.S. 107, 115 n.13 (1981); Gannett Co. v. DePasquale, 443 U.S. 368, 377 (1979); Bell v. Wolfish, 441 U.S. 520, 526 n.5 (1979); First Nat'l Bank of Bos. v. Bellotti, 435 U.S. 765, 774 (1978); United States v. N.Y. Tel. Co., 434 U.S. 159, 165 n.6 (1977); Neb. Press Ass'n v. Stuart, 427 U.S. 539, 546–47 (1976); Gerstein v. Pugh, 420 U.S. 103, 110 n.11 (1975); Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 125–27 (1974); Storer v. Brown, 415 U.S. 724, 737 n.8 (1974); Dunn v. Blumstein, 405 U.S. 330, 333 n.2 (1972); S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 514–16 (1911). According to the U.S. Supreme Court, if this exception to mootness did not exist, then certain types of time-sensitive controversies would become effectively unreviewable by the courts. See, e.g., Sosna v. Iowa, 419 U.S. 393, 400 (1975).

## SUMMARY AND CONCLUSION

Only one of the two face mask mandates our lawsuit challenges has been lifted or rescinded. Thus, our lawsuit cannot be deemed moot.

Even if both face mask mandates were lifted or rescinded, the U.S. Supreme Court and the Appeals Court for the First Circuit have made repeatedly clear that voluntary cessation of challenged conduct (whether COVID-related or otherwise) does not render a lawsuit moot.

Even if the Defendants voluntarily ceased both of their challenged mandates, our case could not be moot, as the Defendants themselves have made clear that their challenged mandates are capable of repetition while evading judicial review.

Even if the Defendants voluntarily ceased both of their challenged mandates; and somehow persuaded this Court that they did not really mean it when they insisted in their motion to dismiss that the Board of Health does have the legal authority to issue face mask mandates; and somehow persuaded this Court that they did not mean it when they publicly stated at the February 23rd, 2022 meeting that they may re-issue their challenged mandates at their whim and discretion; our case could not be deemed moot as there is a chance of money changing hands as a result of our lawsuit and thus according to the U.S. Supreme Court it "remains live."

Wherefore, though the Defendants' counsel's ex parte letter remains on the docket, the facts and events it conveyed fall far short of the "formidable" threshold required to render our lawsuit moot.

Date: March 30, 2022                                  Respectfully submitted,

                                                      _____, Pro Se
                                                      Michael Bush
                                                      280 Lowell Street
                                                      Carlisle MA 01741
                                                      *Bmoc54@verizon.net*
                                                      Phone: (978) 734-3323

March 30, 2022

*Robert Egri*, pro se

ROBERT EGRI
80 WILDWOOD DRIVE
CARLISLE, MA 01741
978 656 6756

March 30, 2022.

Katalin Egri, pro se
80 Wildwood Drive
CARLISLE, MA 01741

3/30/2022

*signature*, pro se

Susan Provencano
80 Mill Pond Lane
Carlisle, MA 01741

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 30th day of March, 2022, electronically served a copy of the foregoing and any accompanying document(s) pursuant to Fed. Rule Civ. Proc. 5(b)(2)(E) and Local Rule 5.2 upon the following:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

_____, Pro Se
Michael Bush