UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; <br> LISA TIERNAN; KATE HENDERSON; <br> ROBERT EGRI; KATALIN EGRI; <br> ANITA LOPEZ; MONICA GRANFIELD; <br> ANN LINSEY HURLEY; IAN SAMPSON; <br> SUSAN PROVENZANO; and JOSEPH PROVENZANO, <br> *pro se* Plaintiffs, <br><br> VS. <br><br> LINDA FANTASIA; MARTHA FEENEY-PATTEN; <br> ANTHONY MARIANO; CATHERINE GALLIGAN; <br> JEAN JASAITIS BARRY; PATRICK COLLINS; <br> DAVID ERICKSON; TIMOTHY GODDARD; and <br> TOWN OF CARLISLE, <br> Defendants. | C.A. NO. 1:21-cv-11794-ADB |

**RESPONSE OF DEFENDANTS TO PLAINTIFFS'**
**LETTER ADDRESSING MOOTNESS DOCTRINE**

Defendants, Linda Fantasia, Martha Feeney-Patten, Anthony Mariano, Catherine Galligan, Jean Jasaitis Barry, Patrick Collins, David Erickson, Timothy Goddard and Town of Carlisle, hereby respond to plaintiffs' "Letter Addressing Mootness Doctrine" as follows:

1. In their Complaint, twelve *pro se* plaintiffs claim that mask mandates adopted by the Carlisle Board of Health ("BOH") and Gleason Public Library Board of Trustees to address the COVID-19 Pandemic violate their constitutional rights, statutory rights and human rights. (Plaintiffs' Complaint, Sec. IV, at 15). As part of their relief, plaintiffs ask this Court to:

> 5. Declare the Defendants' face mask policies unlawful and void; [and]
>
> 6. Order that The Defendants henceforth refrain from uninformed non-consensual medical experimentation and religious and medical discrimination…. (Plaintiffs' Complaint, at 17).

2. On January 5, 2022, defendants moved to dismiss plaintiffs' Complaint under Rule 12(b)(6) for failure to state claims upon which relief can be granted. (ECF Doc. No. 21). Plaintiffs

filed an Opposition to this Motion (ECF Doc. No. 23) together with eight Exhibits (ECF Doc. Nos. 23-1 – 23-8) on January 18, 2022. By leave of Court, defendants filed a Reply Brief on February 2, 2022. (ECF Doc. No. 26).

3.     On February 23, 2022, the Carlisle BOH rescinded one of the mask mandates challenged by plaintiffs. On March 8, 2022, the Carlisle Select Board voted to support the BOH's decision. After checking with the Court Clerk, defendants notified the Court of these developments by letter dated March 11, 2022. (ECF Doc. No. 28).

4.     On March 30, 2022, without either seeking or obtaining leave of Court, plaintiffs filed a "Letter Addressing Mootness Doctrine" (ECF Doc. No. 31) together with four more Exhibits. (ECF Doc. Nos. 31-1 – 31-4). In their Letter, plaintiffs state that the second mask mandate (adopted by the Library Board of Trustees) "has not been rescinded." (Letter, at 2). Further, plaintiffs accuse defendants of voluntarily ceasing challenged conduct solely to avoid judicial review.

5.     Plaintiffs' assertions are false. Following the BOH's lead, the Library Board of Trustees no longer enforces a mask requirement for visitors to Gleason Public Library. Attached as Exhibit "A" is a photograph of one of several signs currently posted at Gleason Public Library advising visitors that masks are "strongly recommended" and disposable masks are available at the first floor desks. Library visitors, however, are no longer *required* to wear masks.

6.     Because both mask mandates have been lifted, the declaratory relief requested by plaintiffs (and set forth above) is now moot. "The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" ACLU of Mass. v. United States Conf. of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (quoting Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003)). "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case."

Mangual, 317 F.3d at 60. For declaratory relief to withstand a mootness challenge, the facts alleged must show "a substantial controversy … of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Preiser v. Newkirk, 422 U.S. 395, 402 (1975). Here, where defendants no longer enforce mask mandates on public property, plaintiffs' "need" for declaratory relief is neither immediate nor real. Stated another way, declaratory relief in the form of an order that defendants' past conduct was somehow illegal would be merely advisory.

7.      Plaintiffs argue, nonetheless, that this case falls into the "voluntary cessation" exception to the mootness doctrine articulated in Boston Bit Labs, Inc. v. Baker, 11 F.4th 3, 9-10 (1st Cir. 2021). Under this doctrine, a case is not necessarily moot "when a defendant voluntary[ily] ceases the challenged practice in order to moot the plaintiff's case and there exists a reasonable expectation that the challenged conduct will be repeated" after the suit's dismissal. Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 59 (1st Cir. 2016). The doctrine exists "to stop a scheming defendant from trying to immunize itself from suit indefinitely …." Boston Bit Labs, 11 F.4th at 10 (quotation and citation omitted). See In re Financial Oversight & Mgmt. Bd., 16 F.4th 954, 962 (1st Cir. 2021) (concerns regarding manipulation to evade judicial review underlie voluntary cessation doctrine).

8.      Plaintiffs' exhortations notwithstanding, defendants' lifting of the mask mandates had nothing to do with them or this case and everything to do with science. Plaintiffs filed this suit against the individual BOH members (as well as other Carlisle defendants) on November 4, 2021. In at least five subsequent meetings, held from November 17, 2021 to February 17, 2022, the BOH voted to *extend* the mask mandate and/or keep it in place and thereby continue to protect public health and safety. Such perseverance in the face of plaintiffs' legal threats belies any attempt by the BOH to escape judicial review. As stated on its website, the BOH finally voted to replace the mask mandate with a mask advisory "in accordance with recommendations established by the

Center for Disease Control (CDC) and adopted by the Mass. Dept. of Public Health on February 15, 2022." (ECF Doc. No. 28).[1] This is not the stuff of judicial avoidance.

WHEREFORE, the declaratory relief requested by plaintiffs in their Complaint is now moot.

        Respectfully submitted,

        The Defendants,

        LINDA FANTASIA, MARTHA FEENEY-PATTEN, ANTHONY MARIANO, CATHERINE GALLIGAN, JEAN JASAITIS BARRY, PATRICK COLLINS, DAVID ERICKSON, TIMOTHY GODDARD and TOWN OF CARLISLE,

        By their Attorneys,

        **PIERCE DAVIS & PERRITANO LLP**

        */s/ John J. Davis*
        _____
        John J. Davis, BBO #115890
        10 Post Office Square, Suite 1100N
        Boston, MA 02109
        (617) 350-0950
        jdavis@piercedavis.com

Dated: April 13, 2022

---

[1] DESE lifted its mask mandate for Massachusetts public schools effective February 28, 2022.

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 2, 2021 as follows:

Michael Bush
280 Lowell Street
Carlisle, MA 01741

Linda Taylor
879 Concord Street
Carlisle, MA 01741

Lisa Tiernan
116 Lowell Street
Westford, MA 01886

Kate Henderson
559 Lowell Street
Carlisle, MA 01741

Robert Egri
80 Wildwood Drive
Carlisle, MA 01741

Katalin Egri
80 Wildwood Drive
Carlisle, MA 01741

Anita Lopez
51 Bingham Road
Carlisle, MA 01741

Monica Granfield
110 Carlisle Pines Drive
Carlisle, MA 01741

Ann Linsey Hurley
10 Half Moon Hill
Acton, MA 01720

Ian Sampson
315 Fiske Street
Carlisle, MA 01741

Susan Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

Joseph Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

*/s/ John J. Davis*
_____
John J. Davis, Esq.