UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR;<br>LISA TIERNAN; KATE HENDERSON;<br>ROBERT EGRI; KATALIN EGRI;<br>ANITA LOPEZ; MONICA GRANFIELD;<br>ANN LINSEY HURLEY; IAN SAMPSON;<br>SUSAN PROVENZANO; and JOSEPH PROVENZANO,<br>*pro se* Plaintiffs,<br><br>VS.<br><br>LINDA FANTASIA; MARTHA FEENEY-PATTEN;<br>ANTHONY MARIANO; CATHERINE GALLIGAN;<br>JEAN JASAITIS BARRY; PATRICK COLLINS;<br>DAVID ERICKSON; TIMOTHY GODDARD; and<br>TOWN OF CARLISLE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. NO. 1:21-cv-11794-ADB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO STAY DISCOVERY</u>**

This is an action brought by twelve *pro se* plaintiffs against the Town of Carlisle and eight Town of Carlisle officials. The suit arises out of a face mask mandate adopted by the Carlisle Board of Health ("BOH") on August 26, 2021, in response to "the recent increase in positive COVID-19 cases in Carlisle and throughout Middlesex County, including break-through cases among those who have been fully vaccinated …." (Plaintiffs' Complaint, Ex. 5, ECF Doc. No. 1-2, at 7). The mandate required face masks to be worn in "all indoor public spaces, or private spaces open to the public within the Town of Carlisle …." (<u>Id.</u>) On February 23, 2022, the BOH lifted the mask mandate and replaced it with a mask advisory in accordance with recommendations from the Centers for Disease Control and Prevention ("CDC") and the Massachusetts Department of Public Health ("DPH"). (ECF Doc. 28).

On January 5, 2022, defendants filed a Motion to Dismiss Plaintiffs' Complaint Under Rule 12(b)(6). (ECF Doc. No. 21). While the Motion to Dismiss remains pending, plaintiffs wish to

conduct discovery in the form of written Interrogatories, Requests for the Production of Documents and depositions. Defendants (many of whom are unpaid municipal volunteers)[1] will necessarily incur significant time and expense in responding to plaintiffs' discovery requests, some or all of which may be wholly unnecessary depending on the outcome of defendants' Motion to Dismiss. Good cause exists to postpone all discovery in this matter pending the outcome of defendants' Motion to Dismiss. This Memorandum of Law is submitted in support of defendants' Motion to Stay.

## I. BACKGROUND

Plaintiffs bring this action against the Town of Carlisle, the former Town Administrator, the Health Agent, the Library Director and five BOH members. In their Complaint, *pro se* plaintiffs claim (among other things) that the mask mandate adopted by the BOH discriminated against them in violation of Title II of the Americans with Disabilities Act ("ADA") and M.G.L. c. 272, § 98, and violated their rights to equal protection as guaranteed under the Fourteenth Amendment. 42 U.S.C. § 1983. On January 5, 2022, the Carlisle defendants moved to dismiss all nine Counts of plaintiffs' Complaint under Rule 12(b)(6) for failure to state claims upon which relief can be granted. (ECF Doc. Nos. 21, 21-1 & 22). Plaintiffs filed an Opposition to defendants' Motion to Dismiss (ECF Doc. Nos. 23 & 23-1 – 23-8) and, by leave of Court, defendants filed a Reply Brief. (ECF Doc. No. 26).

By letter dated March 11, 2022, defendants advised the Court that the challenged mask mandate was lifted by the Carlisle BOH and replaced with a mask advisory. (ECF Doc. No. 28).[2] On March 30, 2022, plaintiffs submitted to the Court a Letter Addressing Mootness Doctrine

---

[1] BOH members receive no compensation or stipend from the Town for their municipal service.
[2] On March 14, 2022, the Court denied plaintiffs' Motion to Strike defendants' letter. (ECF Doc. Nos. 29 & 30).

together with several Exhibits. (Doc. Nos. 31 & 31-1 – 31-4). On April 13, 2022, defendants filed a Response to Plaintiffs' Letter Addressing Mootness Doctrine together with one Exhibit. (ECF Doc. Nos. 32 & 32-1).

Although no scheduling conference has yet been scheduled or held, and no scheduling order has yet been issued pursuant to Fed.R.Civ.P. 16(d), *pro se* plaintiffs served their initial disclosures on May 6, 2022. Thereafter, the parties held a Rule 26(f) conference on May 17, 2022, during which defendants agreed to serve initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A), which they did on June 3, 2022.

On May 6, 2022, plaintiffs served First Interrogatories to the Town of Carlisle BOH members and Director of the Gleason Public Library, Martha Feeney-Patten. During a subsequent telephone conference with *pro se* plaintiffs, Michael Bush and Robert Egri, defense counsel suggested the parties agree to stay all discovery pending the outcome of defendants' Motion to Dismiss. *Pro so* plaintiffs did not agree to defense counsel's suggestion. Defense counsel volunteered, nonetheless, to respond to plaintiffs' First Interrogatories, but made no representations regarding any future discovery requests. On June 22, 2022, plaintiffs served a Request for the Production of Documents on defendants, as well as First Interrogatories on the Town of Carlisle and Second Interrogatories to the Town of Carlisle BOH members.

On August 1, 2022, the BOH served Answers to plaintiffs' First Interrogatories on behalf of the Board alone signed by Tony Mariano, as Chairman of the BOH, together with 197 pages of responsive documents. Plaintiffs maintain these Answers are insufficient and that each BOH member must respond to the First Interrogatories *individually*.

During a Local Rule 7.1 conference held on August 16, 2022, *pro se* plaintiffs, Michael Bush, Robert Egri and Susan Provenzano, and defense counsel discussed: (1) plaintiffs' proposed

Motion to Compel Discovery; and (2) defendants' proposed Motion to Stay Discovery pending the outcome of defendants' Motion to Dismiss. During the conference, *pro so* plaintiff Michael Bush advised defense counsel of plaintiffs' intended plans to notice and conduct two-to-three depositions upon receipt of defendants' responses to plaintiffs' written discovery requests. To date, defendants have propounded no discovery to *pro se* plaintiffs.

## II. ARGUMENT

**GOOD CAUSE EXISTS TO STAY ALL DISCOVERY PENDING THE OUTCOME OF DEFENDANTS' MOTION TO DISMISS.**

"It is black letter law that 'federal courts possess the inherent power to stay proceedings for prudential reasons.'" D.R. v. Bigda, 2021 WL 1080244, at *1 (D. Mass. March 18, 2021) (quoting Marquis v. FDIC, 965 F.2d 1148, 1154-55 (1st Cir. 1992)). See Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) ("A district court has the inherent discretionary authority to stay a civil action if the interests of justice so require.") (citing Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77-78 (1st Cir. 2004)). "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure competing equities are weighed and balanced." Marquis, at 1155.

In addition to their inherent powers, district courts also have the authority to issue protective orders regarding the timing of discovery.

> A party or any person … from whom discovery is sought may move for a protective order in the court where the action is pending. …. The court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including …:
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery; ….

Fed.R.Civ.P. 26(c)(1). See Complaint of Akropan Shipping Corp., 1990 WL 16097, at *3 (S.D.N.Y. Feb. 14, 1990) (granting protective order under Rule 26(c)(1)(B) to stay discovery pending outcome of dispositive motion).

Courts have repeatedly held that a pending motion to dismiss serves as good cause to stay discovery. See Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss …"); Chavous v. District of Columbia Fin. Responsibility & Mgmt. Ass. Auth., 201 F.R.D. 1 (D.D.C. 2001) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion …") (citations omitted); Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc., 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery."); Dicenzo v. Massachusetts Dep't of Correction, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (finding good cause to stay discovery pending resolution of parties' dispositive motions); Triement v. Washington County, 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) ("*before* any litigant (including a pro se litigant) is entitled to take discovery, the plaintiff must first plead a plausible claim for relief …") (emphasis in original).

In Steward Health Care System LLC v. Southcoast Health System, Inc., 2016 WL 11004353 (D. Mass. June 15, 2016), Magistrate Boal granted a motion to stay discovery under Rule 26(c)(1) where the defendant had moved to dismiss all counts of plaintiff's complaint. "[I]t makes little sense," reasoned the Court, "to force either side to go through expensive discovery where all, or part, of the case may be dismissed." Id., at *2. In Channing Bete Co., Inc. v. Greenberg, 2021 WL 4398510 (D. Mass. Sept. 27, 2021), Magistrate Robertson granted the motion of a third-party defendant for a protective order to stay discovery pending a ruling on its motion to dismiss the third-party complaint. In opposition to the motion, the third-party plaintiff argued he

5

would be harmed by a delay in commencing discovery as one of his counts may survive dismissal. The Court was not persuaded. "[T]he possibility that a single claim will survive [the motion to dismiss] does not preclude granting a motion to stay." Id., at *2.

Here, *pro se* plaintiffs have served four sets of Interrogatories on defendants, as well as a Request for Production of Documents. Further, upon the completion of written discovery, plaintiffs intend to depose at least two-to-three defendants before this Court has even determined whether their Complaint states claims against such defendants upon which relief can be granted. Preparing Answers to plaintiffs' Interrogatories and gathering, identifying and producing documents responsive to plaintiffs' Request for Production will be time-consuming and expensive. Preparing for and attending two-to-three depositions will also require defendants to spend additional time and effort, and incur additional expenses, including attorneys' fees.

Defendants' Motion to Dismiss comprehensively addresses all ten Counts of plaintiffs' Complaint. Defendants' Motion to Dismiss also stands a favorable chance of success given (in particular) the recent decision issued by Judge Indira Talwani in a companion mask mandate case: Michael Bush v. Acton-Boxborough Reg'l Sch. Dist., *et al.*, C.A. No. 1:21-cv-12039-IT.[3] By Memorandum & Order dated August 9, 2022, Judge Talwani granted defendants' Rule 12(b)(6) motion on all counts in an action seeking relief against the School District and its Superintendent under Title II of the ADA and 42 U.S.C. §§ 1983 & 1985 for imposing a mask mandate on participants in an adult volleyball league during the COVID-19 pandemic.[4] Guided by the legal

---

3 Plaintiff in the Acton-Boxborough case is the same Michael Bush as the lead *pro se* plaintiff in this action. Mr. Bush is also a *pro se* plaintiff in a third COVID-19 mask mandate case: Michael Bush v. The Wang Center for the Performing Arts, Inc. d/b/a The Boch Center, C.A. No. 1:22-cv-10473-GAO. The Wang Center's Motion to Dismiss plaintiff's Complaint was argued before Magistrate Boal on August 10, 2022 and remains under advisement.
4 A copy of Judge Talwani's Memorandum & Order issued in Bush v. Acton-Boxborough Reg'l Sch. Dist. is attached hereto as Exhibit 1.

analysis set forth above, this Court should stay all discovery in this matter pending the outcome of defendants' Motion to Dismiss. A temporary stay would save the defendants from incurring potentially unnecessary costs and expenses in responding to plaintiffs' discovery. A stay would also relieve defendants (including unpaid BOH members) from expending the time necessary to prepare discovery responses and testify at depositions. Finally, a temporary stay will not prejudice plaintiffs as the challenged mask mandate was lifted by the BOH nearly six months ago – on February 23, 2022.

### III. CONCLUSION

Good cause exists to stay all discovery in this matter pending an outcome on defendants' Motion to Dismiss plaintiffs' Complaint. This Court may grant such relief under its inherent powers to stay proceedings for prudential reasons and its authority to issue protective orders under Rule 26(c)(1). For the reasons set forth above, the defendants, Linda Fantasia, Martha Feeney-Patten, Anthony Mariano, Catherine Galligan, Jean Jasaitis Barry, Patrick Collins, David Erickson, Timothy Goddard and Town of Carlisle, hereby request that this Honorable Court allow their Motion to Stay Discovery pending the outcome of defendants' Motion to Dismiss.

Respectfully submitted,

The Defendants,

LINDA FANTASIA, MARTHA FEENEY-PATTEN, ANTHONY MARIANO, CATHERINE GALLIGAN, JEAN JASAITIS BARRY, PATRICK COLLINS, DAVID ERICKSON, TIMOTHY GODDARD and TOWN OF CARLISLE,

By their Attorneys,

**PIERCE DAVIS & PERRITANO** LLP

*/s/ John J. Davis*

_____
John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

Dated:  August 19, 2022

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on August 19, 2022 as follows:

Michael Bush
280 Lowell Street
Carlisle, MA 01741

Linda Taylor
879 Concord Street
Carlisle, MA 01741

Lisa Tiernan
116 Lowell Street
Westford, MA 01886

Kate Henderson
559 Lowell Street
Carlisle, MA 01741

Robert Egri
80 Wildwood Drive
Carlisle, MA 01741

Katalin Egri
80 Wildwood Drive
Carlisle, MA 01741

Anita Lopez
51 Bingham Road
Carlisle, MA 01741

Monica Granfield
110 Carlisle Pines Drive
Carlisle, MA 01741

Ann Linsey Hurley
10 Half Moon Hill
Acton, MA 01720

Ian Sampson
315 Fiske Street
Carlisle, MA 01741

Susan Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

Joseph Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

*/s/ John J. Davis*
_____
John J. Davis, Esq.