FRCP Rule 26(f) conference
Bush et al v. Fantasia et al
May 17th, 2022

The Conference was conducted by telephone on May 17th, 2022.
Conference participants:
1. Defendants' legal counsel John Davis
2. Pro Se Plaintiff Robert Egri
3. Pro Se Plaintiff Michael Bush

## RECAP OF THE CONFERENCE:

Attorney Davis said he would get the Defendants' initial disclosures to the Plaintiffs within 14 days of this conference. Plaintiff Bush replied that per his earlier email message to Davis, he believed the Defendants' initial disclosures were due at an earlier date but that for the sake of efficiency and minimizing disputes he would consider it sufficient if the initial disclosures are provided within the next 14 days.

Attorney Davis said that the Defendants would prefer to stay discovery until a ruling is received on their motion to dismiss the lawsuit. Plaintiff Bush said the Plaintiffs are entitled to conduct discovery at this point but he would agree to certain limitations on discovery until a ruling on the motion to dismiss and the Defendants' answer to the complaint are received. Plaintiff Egri said he was dissatisfied with delaying discovery and wants to conduct discovery at this time.

Attorney Davis asked to confirm that the only interrogatories the Plaintiffs had served thus far were directed to Defendant Martha Feeney-Patten and the Board of Health member Defendants. Plaintiff Bush confirmed that was accurate. Attorney Davis said that though he received interrogatories weeks prior, he considered the date of this conference to be the effective date of service. Attorney Davis asked to limit discovery to only answers to the interrogatories served thus far. Plaintiff Bush said he would not agree to that limitation on discovery.

Plaintiff Egri voiced concern that the Plaintiffs had not yet received answers to the interrogatories attached to Plaintiff Bush's email message to Attorney Davis on April 7th, 2022. Plaintiff Bush explained that particular email message proposed terms of settlement and raised other matters but that the interrogatories were served on a later date. Attorney Davis concurred with Bush's explanation.

Attorney Davis said that he did not yet have a response to the Plaintiffs' settlement proposal from the Defendants but would give the Plaintiffs such a response before the court's scheduling conference occurs—the date of which was yet to be announced.

FRCP Rule 26(f) conference
Bush et al v. Fantasia et al
May 17th, 2022

Plaintiff Bush explained that from his and the fellow Pro Se Plaintiffs' perspective:
- The Defendant Martha Feeney-Patten forfeited her qualified immunity in her individual capacity by issuing and/or implementing an unlawfully discriminatory policy in the public library that she had no legal authority to issue in the first place; failing to respond to the Plaintiffs' notice and demand letter delivered in September 2021; and failing to correct her constitutional and civil rights violations of which she was informed in that letter.
- The BOH member defendants forfeited their qualified immunity in their individual capacities by their unlawful enforcement of an otherwise valid statute; and failure to correct their constitutional and civil rights violations of which they were informed in the notice and demand letters as well as in writing during the course of this lawsuit.
- The Defendants town administrator Timothy Goddard and health agent Linda Fantasia forfeited qualified immunity in their individual capacities by their failure to respond to the notice and demand letters; unlawful enforcement of an otherwise valid statute; and failure to correct constitutional and civil rights violations of which the notice and demand letters informed them.
- Had the defendants exercised normal and appropriate care as public officials, the lawsuit would never have been filed and the town would not have incurred these legal expenses. So the Plaintiffs do intend to have the individual Defendants reimburse the town for these preventable expenses and losses their negligence caused; and reimburse the Plaintiffs for their expenses and damages.
- Those expenses are minimal right now but will rise quickly as fact discovery proceeds. The Plaintiffs are also willing to accept nominal payment for damages at this time whereas they would require more substantial payment for damages once fact discovery proceeds further.
- Now is the best opportunity the Defendants have to settle this lawsuit at minimal cost to them.

Attorney Davis said that he does not make settlement decisions for the Defendants but would pass Plaintiff Bush's comments along to the Defendants. Attorney Davis also suggested that the terms of the insurance coverage would likely determine who would pay and that M.G.L. Chapter 258 pertains to indemnification of public officials and public employees when they are sued for alleged misconduct. Plaintiff

FRCP Rule 26(f) conference
Bush et al v. Fantasia et al
May 17th, 2022

Egri commented that insurance coverage is unlikely to be unconditional and unlimited.

Attorney Davis explained that he is the Defendants' legal counsel, not that of the insurer. He commented that if there is a dispute between public officials and the insurer [Attorney Davis, please replace this placeholder text with your comment on this topic, as the Plaintiffs' notes failed to catch this].

Plaintiff Bush mentioned his May 11th, 2022 email message to Attorney Davis in which he asked that Attorney Davis explain to the Defendants that public records exist in both their governmental and personal email accounts and that they must preserve those records accordingly.

Plaintiff Bush noted that Federal Rule of Civil Procedure 26(f) directs the conference participants to create a joint proposed discovery plan and to submit it to the court. Bush commented that he considered it premature to submit such a discovery plan before the court had even ruled on the Defendants' motion to dismiss the lawsuit. Attorney Davis concurred and agreed to hold off on creating a proposed discovery plan.

Plaintiff Egri said that he is elderly, is concerned that the lawsuit has been idle for considerable time with no progress, and that he wants to make progress while he is around to experience that. He requested that discovery begin immediately and objected to the Defendants' delaying discovery. Attorney Davis acknowledged Egri's concern and stated that the Defendants do not desire to delay discovery.

Attorney Davis mentioned he would serve a motion for a protective order to prevent any discovery beyond the few interrogatories the Plaintiffs had already served. Plaintiff Bush objected to that limitation and pointed out that the Plaintiffs are entitled to conduct discovery regardless of whether the court had yet ruled on the Defendants' motion to dismiss the lawsuit. Attorney Davis explained that per Local Rule of Civil Procedure 7.1 he is obligated to confer with the Plaintiff(s) before serving such a motion and asked to conduct that discussion at that time. Plaintiff Bush agreed. Plaintiff Bush said that the only formal discovery methods he was aware the Plaintiffs wished to use before the court's ruling on the motion to dismiss were: 1) serving about two more interrogatories, 2) serving a dozen or fewer requests for production of documents, and 3) conducting two or three depositions. He noted that most or all of the documents they might request production of would likely be public records anyway, so he would hope the

FRCP Rule 26(f) conference
Bush et al v. Fantasia et al
May 17th, 2022

Defendants would not object to that discovery. Attorney Davis said that number of interrogatories and requests for production of documents would be agreeable but that he would not accommodate depositions before the court's ruling on the motion to dismiss. Plaintiff Bush proposed to send Attorney Davis the interrogatories and requests for production of documents in a week or so and Attorney Davis could hold off on a motion for a protective order for the time being. Attorney Davis agreed.

The participants were polite, courteous, and professional with each other throughout the conference.

Plaintiff Bush solicited any last questions or points. The participants stated they had nothing further and agreed to end the conference call.