UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; <br> LISA TIERNAN; KATE HENDERSON; <br> ROBERT EGRI; KATALIN EGRI; <br> ANITA LOPEZ; MONICA GRANFIELD; <br> ANN LINSEY HURLEY; IAN SAMPSON; <br> SUSAN PROVENZANO; and JOSEPH PROVENZANO, <br> *pro se* Plaintiffs, <br><br> VS. <br><br> LINDA FANTASIA; MARTHA FEENEY-PATTEN; <br> ANTHONY MARIANO; CATHERINE GALLIGAN; <br> JEAN JASAITIS BARRY; PATRICK COLLINS; <br> DAVID ERICKSON; TIMOTHY GODDARD; and <br> TOWN OF CARLISLE, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 1:21-cv-11794-ADB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS, TOWN OF CARLISLE BOARD OF HEALTH MEMBERS, JEAN BARRY, ANTHONY MARIANO, DAVID ERICKSON, CATHERINE GALLIGAN AND PATRICK COLLINS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES**

### Interrogatory No. 1

Do you believe you had the legal authority to issue and/or implement the Board of Health's face mask mandate identified in the Complaint? State the basis of your belief, including but not limited to identifying legal and/or other references upon which you relied. If your belief in your legal authority changed over time, state the change(s) in your belief, the date(s) upon which those changes occurred, and the base(s) of the change(s) in your belief. In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents your answers reference.

### Answer No. 1

**Objection:** The defendants object to Interrogatory No. 1 on the grounds it (1) seeks legal conclusions; (2) seeks opinions or contentions that relate to facts or the application of law to facts before discovery is completed and/or a pretrial conference has been held; (3) seeks information or materials protected by the attorney-client privilege and/or the attorney work product doctrine; (4) makes improper inquiry into legislative and/or administrative motives; and (5) is overbroad and unduly burdensome.

Notwithstanding the objections and limitations set forth above, and without waiving such objections and limitations, the Board of Health responds as set forth below. This answer is

provided on behalf of the Carlisle Board of Health only, the body duly established under Town of Carlisle General Bylaws Article III, Section 3.24, and M.G.L. c. 41, §§ 1 & 2.

The Board of Health believed it had the legal authority to issue and/or implement a mask mandate. This authority is derived from various sources, including, but not limited to: (1) Governor Baker's Order Requiring Face Coverings in Places Where Social Distancing is not Possible, COVID-19 Order No. 31, and any orders, guidance or advisories issued by the Commissioner of Public Health to implement the terms of such Order; (2) Governor Baker's Order Authorizing the Re-Opening of Phase II Enterprises, COVID-19 Order No. 37, and any rules, standards, measures or guidance issued by the Director of Labor Standards, the Commissioner of Public Health and the Secretary of the Executive Office of Energy and Environmental Affairs to implement the terms of such Order; (3) Governor Baker's Revised Order Requiring Face Coverings in Public Places, COVID-19 Order No. 55, and any orders, guidance or advisories issued by the Commissioner of Public Health to implement the terms of such Order; (4) Governor Baker's Further Revised Order Regarding Face Coverings, COVID-19 Order No. 67, and any orders, guidance or advisories issued by the Commissioner of Public Health to implement the terms of such Order; (5) M.G.L. c. 17, § 2A; (6) M.G.L. c. 111, § 31; (7) M.G.L. c. 111, § 104; (8) 105 CMR 300.190; (9) 310 CMR 11.05(1); (10) 603 CMR 27.08(1); and (11) police powers.

The Board of Health reserves the right to supplement this Answer upon the discovery of additional information.

### Interrogatory No. 2

Before issuing and/or implementing the Board of Health face mask mandate identified in the Complaint, did you assess whether wearing face masks was safe and effective for preventing the spread of COVID-19? If so, on what date(s) and how did you conduct that assessment, including but not limited to identifying medical or other references upon which you relied. If you conducted such an assessment, what were the findings of your assessment? If you believed wearing face masks was safe and effective for preventing the spread of COVID-19, state the basis of that belief including but not limited to identifying medical or other references upon which you relied. If you believed wearing face masks was safe and effective for preventing the spread of COVID-19 and your belief changed at any time, state the change(s) in your belief, the base(s) of the change in your belief, and the date(s) of that change(s). In accordance with Local Rule of Civil Procedure 33.l(b) please produce copies of all documents your answers reference.

### Answer No. 2

**Objection**: The defendants object to Interrogatory No. 2 on the grounds it (1) seeks opinions or contentions that relate to facts or the application of law to facts before discovery is completed and/or a pretrial conference has been held; (2) is unintelligible as written to the extent it fails to define the terms "assess" and "assessment; (3) seeks information or materials protected by the attorney-client privilege and/or the attorney work product doctrine; (4) makes improper inquiry into legislative and/or administrative motives; and (5) is overbroad and unduly burdensome.

Notwithstanding the objections and limitations set forth above, and without waiving such objections and limitations, the Board of Health responds as set forth below. This answer is provided on behalf of the Carlisle Board of Health only, the body duly established under Town of Carlisle General Bylaws Article III, Section 3.24, and M.G.L. c. 41, §§ 1 & 2.

Pursuant to its authority as set forth above, the Board of Health was mandated to use all possible care to prevent the spread of COVID-19. As part of that mandate, the Board took such actions as it deemed necessary. Among those actions, the Board adopted a mask mandate (by a vote of 5-0) at a public meeting held on August 25, 2021. The mask mandate was adopted in response to an increase in positive COVID-19 cases within the Town of Carlisle and throughout Middlesex County, including break-through cases among those fully-vaccinated. It was based, in part, on guidance from the Massachusetts Department of Public Health and Centers for Disease Control and Prevention, a recommendation from the COVID Task Force, and input from Health Agent Linda Fantasia, Assistant Health Agent Kris Gines, Public Health Nurse Tricia McGean RN. On August 31, 2021, the Select Board voted to support the Board of Health mandate.

The Board of Health revisited and renewed the mask mandate on October 6, 2021. At that time, Board members had updated information from the above sources as well as copies of various mask studies, including:

- Efficacy of face mask in preventing respiratory virus transmission, Travel Medicine & Infectious Disease 36 (May 28, 2020)
- Facial Masking for Covid-19, Perspective (Oct. 29. 2020)
- Reduction of secondary transmission of SARS-CoV-2 in households by face mask use, BMJ Global Health (2020)
- Respiratory virus shedding in exhaled breath and efficacy of face masks, Nature Medicine 26 (May 2020)
- Temporal dynamics in viral shedding and transmissibility of COVID-19, Nature Medicine 26 (May 2020)
- Universal Masking in Hospitals in the Covid-19 Era, New England Journal of Medicine (May

On October 12, 2021, the Select Board agreed to support the Board of Health's decision to renew the mask mandate.

On November 17, 2021 and December 15, 2021, the Board of Health renewed the mask mandate. On February 23, 2022, the Board of Health changed the mask mandate to a mask advisory consistent with guidance from the Massachusetts Department of Public Health and Centers for Disease Control and Prevention .

Records from which the above Answers may be derived or ascertained are enclosed herewith pursuant to LR 33.1(b). Discussions among Board of Health members regarding adoption and renewal of the mask mandate are reflected in the Board of Health Minutes for August 25, 2021, October 12, 2021, November 17, 2021 and December 15, 2021, copies of which are enclosed herewith.

The Board of Health reserves the right to supplement this Answer upon the discovery of additional information.

The undersigned deposes and says that he is the Chairman of the Carlisle Board of Health and a named defendant in the above-captioned action; that he signs these Answers to the Interrogatories for and on behalf of Carlisle Board of Health and is authorized to do so; that the matters stated in the foregoing Answers are not all within his personal knowledge and that he is informed that there is no officer or employee of Carlisle Board of Health who has personal knowledge of all such matters; that such facts are as stated in said Answers which are not within his personal knowledge have been assembled by authorized agents, employees and counsel of said defendant; and that he is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

_____
Tony Mariano, Chairman
Carlisle Board of Health

Dated: August 1, 2022

As to Objections:

**PIERCE DAVIS & PERRITANO LLP**

/s/ John J. Davis

_____
John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

## CERTIFICATE OF SERVICE

I, John J. Davis, certify that on August 2, 2022, a true copy of the aforementioned document was served via first class mail on the parties as follows:

Michael Bush
280 Lowell Street
Carlisle, MA 01741

Linda Taylor
879 Concord Street
Carlisle, MA 01741

Lisa Tiernan

116 Lowell Street
Westford, MA 01886

Kate Henderson
559 Lowell Street
Carlisle, MA 01741

Robert Egri
80 Wildwood Drive
Carlisle, MA 01741

Katalin Egri
80 Wildwood Drive
Carlisle, MA 01741

Anita Lopez
51 Bingham Road
Carlisle, MA 01741

Monica Granfield
110 Carlisle Pines Drive
Carlisle, MA 01741

Ann Linsey Hurley
10 Half Moon Hill
Acton, MA 01720

Ian Sampson
315 Fiske Street
Carlisle, MA 01741

Susan Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

Joseph Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

/s/ John J. Davis
_____
John J. Davis, Esq.