# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

Eastern Division

| | | |
|---|---|---|
| MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; KATE HENDERSON; ROBERT EGRI; KATALIN EGRI; ANITA OPTIZ; MONICA GRANFIELD, ANN LINSEY HURLEY; IAN SAMPSON; SUSAN PROVENZANO; JOSEPH PROVENZANO, *Pro Se Plaintiffs* | Case No. | 1:21-cv-11794-ADB |
| VS. | ) ) ) ) ) ) ) ) | |
| LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY; PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN OF CARLISLE; JOHN DOE; JANE DOE *Defendants* | ) ) ) ) ) ) ) ) | |

---

## PLAINTIFFS' FIRST INTERROGATORIES
## TO TOWN OF CARLISLE BOARD OF HEALTH MEMBER
## DEFENDANTS JEAN BARRY, ANTHONY MARIANO, DAVID
## ERICKSON, CATHERINE GALLIGAN, AND PATRICK
## COLLINS
*(Fed. R. Civ. P. 33)*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro Se Plaintiffs Michael

Bush, Linda Taylor, Lisa Tiernan, Monica Granfield, Susan Provenzano, Joseph Provenzano,

Robert Egri, and Katalin Egri hereby request that Defendants Jean Barry, Anthony Mariano,

David Erickson, Catherine Galligan, and Patrick Collins respond to the following interrogatories

as fully and completely as possible, sign the answers under oath, and return the same within thirty (30) days of service. This first set of interrogatories is addressed to the Defendants comprising the Board of Health, as they are—pursuant to Local Rule of Civil Procedure 26.1(c)—a group of parties with a common interest. Any answers to these interrogatories are understood to be identical from each Defendant unless distinct answers are provided and attributed to an individual Defendant.

## **DEFINITIONS**

1.    The term "Complaint" as used herein shall refer to the complaint pending in the United States District Court for the District of Massachusetts, Case number 1:21-cv-11794-ADB

2.    The term "date" as used herein shall mean the exact month, day, and year, if ascertainable, or your best approximation thereof.

3.    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.    Words in the singular include words in the plural, and words in the plural include words in the singular.  Words in the past tense include the present, and words in the present tense include the past.

5.    **Pursuant to Local Rule of Civil Procedure 26.5(c), Definitions.** The following definitions apply to all discovery requests:

6.    **(1)  *Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.    **(2)  *Document.*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

8.    **(3)  *Identify (With Respect to Persons).*** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.    **(4)  *Identify (With Respect to Documents).*** When referring to documents, "to identify" means to give, to the extent known, the

   **(A)**  type of document;

   **(B)**  general subject matter;

   **(C)**  date of the document; and

   **(D)**  author(s), addressee(s), and recipient(s).

10.   **(5)  *Parties.*** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11.   **(6)  *Person.*** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12.　　**(7)** *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

13.　　**(8)** *State the Basis.* When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

**(A)** identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

**(B)** identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

**(C)** state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

**(D)** state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## <u>INTERROGATORIES</u>

### <u>INTERROGATORY NO. 1:</u>

Do you believe you had the legal authority to issue and/or implement the Board of Health's face mask mandate identified in the Complaint? State the basis of your belief, including but not limited to identifying legal and/or other references upon which you relied. If your belief in your legal authority changed over time, state the change(s) in your belief, the date(s) upon which those

changes occurred, and the base(s) of the change(s) in your belief. In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents your answers reference.

**INTERROGATORY NO. 2:**

Before issuing and/or implementing the Board of Health face mask mandate identified in the Complaint, did you assess whether wearing face masks was safe and effective for preventing the spread of COVID-19? If so, on what date(s) and how did you conduct that assessment, including but not limited to identifying medical or other references upon which you relied. If you conducted such an assessment, what were the findings of your assessment? If you believed wearing face masks was safe and effective for preventing the spread of COVID-19, state the basis of that belief including but not limited to identifying medical or other references upon which you relied. If you believed wearing face masks was safe and effective for preventing the spread of COVID-19 and your belief changed at any time, state the change(s) in your belief, the base(s) of the change in your belief, and the date(s) of that change(s). In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents your answers reference.

Date:   May 6, 2022

_____, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

_[signature]_ Pro Se  5/2/22

Susan L Provincora
80 mill Pond Ln
Carlisle, MA 01741

_[signature]_ Pro Se  02MAY22

Joseph Provenzano
80 Mill Pond Lane
Carlisle, MA. 01741

_[signature]_ pro se  May 2, 2022

ROBERT EGRI
80 Wildwood
Carlisle, MA 01741

Katalin Egri pro se May 2, 2022
KATALIN EGRI
80 WILDWOOD DRIVE
CARLISLE, MA 01741

Monica Granfield   PRO SE   5/3/2022

Monica Granfield
110 CARLisle Pines DR
CARLisle, MA 01741

Date: May 6, 2022

*/s/ Linda Taylor,* Pro Se
Linda Taylor
879 Concord Street
Carlisle MA 01741


Date: May 6, 2022

*/s/ Lisa Tiernan,* Pro Se
Lisa Tiernan
116 Lowell Road
Westford MA 01886

## **CERTIFICATE OF SERVICE**

I, Michael Bush, hereby certify that I have, on this 6th day of May, 2022, served a copy of the foregoing upon the following by email and first class mail:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

jdavis@piercedavis.com

_____, Pro Se

Michael Bush