# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts
## Eastern Division

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; KATE HENDERSON; ROBERT EGRI; KATALIN EGRI; ANITA OPTIZ; MONICA GRANFIELD, ANN LINSEY HURLEY; IAN SAMPSON; SUSAN PROVENZANO; JOSEPH PROVENZANO, *Pro Se Plaintiffs*<br><br>VS.<br><br>LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY; PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN OF CARLISLE; JOHN DOE; JANE DOE *Defendants* | Case No.   1:21-cv-11794-ADB |

## PLAINTIFFS' FIRST INTERROGATORIES
## TO DEFENDANT TOWN OF CARLISE
*(Fed. R. Civ. P. 33)*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro Se Plaintiffs Michael Bush, Linda Taylor, Lisa Tiernan, Monica Granfield, Susan Provenzano, Robert Egri, and Katalin Egri hereby request that Defendant Town of Carlisle respond to the following interrogatories as fully and completely as possible, sign the answers under oath, and return the same within thirty (30) days of service.

## DEFINITIONS

Page 1 of 6 (additional signatures inserted between pages 5 and 6)

1. The term "Complaint" as used herein shall refer to the complaint pending in the United States District Court for the District of Massachusetts, Case number 1:21-cv-11794-ADB

2. The term "date" as used herein shall mean the exact month, day, and year, if ascertainable, or your best approximation thereof.

3. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. Words in the singular include words in the plural, and words in the plural include words in the singular. Words in the past tense include the present, and words in the present tense include the past.

5. **Pursuant to Local Rule of Civil Procedure 26.5(c), Definitions.** The following definitions apply to all discovery requests:

6. **(1) *Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. **(2) *Document.*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

8. **(3) *Identify (With Respect to Persons).*** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. **(4) *Identify (With Respect to Documents)*.** When referring to documents, "to identify" means to give, to the extent known, the

   **(A)** type of document;

   **(B)** general subject matter;

   **(C)** date of the document; and

   **(D)** author(s), addressee(s), and recipient(s).

10. **(5) *Parties*.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. **(6) *Person*.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12. **(7) *Concerning*.** The term "concerning" means referring to, describing, evidencing, or constituting.

13. **(8) *State the Basis*.** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

    **(A)** identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    **(B)** identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

**(C)** state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

**(D)** state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Are any of the individual defendants in this lawsuit indemnified from personal financial loss? If so, which defendant(s) are indemnified and by what entity(ies) is each defendant indemnified? What terms and conditions (including but not limited to exceptions and/or limitations) are there to the indemnification(s)? Identify any and all applicable laws and/or insurance policy(ies). In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents your answers reference.

**INTERROGATORY NO. 2:**

Did the Town of Carlisle and/or any of its entities / personnel declaration of emergency concerning SARS-CoV-2 and/or COVID-19? What entity and/or personnel declared such emergency(ies)? State the basis for the declaration of the state(s) of emergency. Do the entity and/or personnel contend that they had the legal authority to declare such emergency(ies)? If so, state the basis for that contention. Via what method(s) and/or communication and on what date(s) did they declare the emergency(ies)? Did they terminate the declared emergency(ies)? Via what method(s) and/or communication and on what date(s) did they terminate the declared emergency(ies)? In

accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents your answers reference.

Date:   June 22, 2022

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

Page 5 of 6 (additional signatures inserted between pages 5 and 6)

Monica Granfield, PRO. SE  06/21/22
MONICA GRANFIELD
110 Carlisle Pines, Dr. Carlisle MA 01741

*[signature]* PRO SE  06/21/22
Lisa Tiernan
116 Lowell Rd - Westford, MA 01886

*[signature]* pro se  June 21, 2022
ROBERT EGRI
80 WILDWOOD DRIVE
CARLISLE, MA 01741

Katalin Egri Pro Se  June 21, 2022
KATALIN EGRI
80 Wildwood Drive
CARLISLE, MA 01741

*[signature]* pro-se  June 22, 2022
Linda K Taylor
879 Concord Street
Carlisle, MA 01741

*[signature]* pro-se  6/22/2022
Susan Bouwman
80 Mill Pond Ln
Carlisle, MA 01741

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 22nd day of June, 2022, served a copy of the foregoing upon the following by USPS Priority Mail:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

jdavis@piercedavis.com

_____, Pro Se
Michael Bush