UNITED STATES DISTRICT COURT
for the
District of Massachusetts
Eastern Division

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; KATE HENDERSON; ROBERT EGRI; KATALIN EGRI; ANITA OPTIZ; MONICA GRANFIELD, ANN LINSEY HURLEY; IAN SAMPSON; SUSAN PROVENZANO; JOSEPH PROVENZANO, *Pro Se Plaintiffs*<br><br>VS.<br><br>LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY; PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN OF CARLISLE; JOHN DOE; JANE DOE *Defendants* | Case No.   1:21-cv-11794-ADB |

## PLAINTIFFS' 2ND INTERROGATORIES TO TOWN OF CARLISLE BOARD OF HEALTH MEMBER DEFENDANTS JEAN BARRY, ANTHONY MARIANO, DAVID ERICKSON, CATHERINE GALLIGAN, AND PATRICK COLLINS
*(Fed. R. Civ. P. 33)*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro Se Plaintiffs Michael Bush, Linda Taylor, Lisa Tiernan, Monica Granfield, Susan Provenzano, Robert Egri, and Katalin Egri hereby request that Defendants Jean Barry, Anthony Mariano, David Erickson, Catherine Galligan, and Patrick Collins respond to the following interrogatories as fully and

Page 1 of 6 (additional signatures inserted between pages 5 and 6)

completely as possible, sign the answers under oath, and return the same within thirty (30) days of service. This 2nd set of interrogatories is addressed to the Defendants comprising the Board of Health, as they are—pursuant to Local Rule of Civil Procedure 26.1(c)—a group of parties with a common interest. Any answers to these interrogatories are understood to be identical from each Defendant unless distinct answers are provided and attributed to an individual Defendant.

## DEFINITIONS

1. The term "Complaint" as used herein shall refer to the complaint pending in the United States District Court for the District of Massachusetts, Case number 1:21-cv-11794-ADB

2. The term "date" as used herein shall mean the exact month, day, and year, if ascertainable, or your best approximation thereof.

3. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. Words in the singular include words in the plural, and words in the plural include words in the singular.  Words in the past tense include the present, and words in the present tense include the past.

5. **Pursuant to Local Rule of Civil Procedure 26.5(c), Definitions.** The following definitions apply to all discovery requests:

6. **(1) *Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. **(2) *Document.*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

Page 2 of 6 (additional signatures inserted between pages 5 and 6)

8. **(3) *Identify (With Respect to Persons).*** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. **(4) *Identify (With Respect to Documents).*** When referring to documents, "to identify" means to give, to the extent known, the

   **(A)** type of document;

   **(B)** general subject matter;

   **(C)** date of the document; and

   **(D)** author(s), addressee(s), and recipient(s).

10. **(5) *Parties.*** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. **(6) *Person.*** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12. **(7) *Concerning.*** The term "concerning" means referring to, describing, evidencing, or constituting.

13. **(8) *State the Basis.*** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

(A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person(s) (other than your attorney) with whom you have communicated about this lawsuit. On what date(s) did you communicate with them? With each date, identify the form(s) the communication took (such as but not limited to telephone call, in person oral discussion, email, text message, FaceBook message, etc.). With each date, summarize the substance of each person's communication. In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents (including but not limited to messages) your communication(s) mentioned and/or included.

**INTERROGATORY NO. 2:**

What knowledge did you have of the enclosed Notice Of Claim letter(s) to Linda Fantasia, Timothy Goddard, and/or Martha Feeney-Patten before June 2022? If you saw one or more of the letters before June 2022, which of those letters did you see and on what date(s) did you see them? If you read the letters before June 2022, which of those letters did you read and on what date(s) did you read them? If you received a copy of any of the letters, of which letter(s) did you receive a copy and via what method(s) and on what date(s) did you receive it/them? In accordance with Local Rule of Civil Procedure 33.1(b) please produce copies of all documents (including but not limited to messages) in which the letter(s) were mentioned and/or attached.

Date:   June 22, 2022

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

Page 5 of 6 (additional signatures inserted between pages 5 and 6)

*Monica Granfield*, Pro. Se 06.21.22
MONICA GRANFIELD
110 CARLISLE PINES DR
CARLISLE, MA 01741

*Lisa Tiernan* PRO SE 06/21/22
Lisa Tiernan
116 Lowell Rd.
Westford, MA 01886

*Robert Egri* Pro Se June 21, 2022
ROBERT EGRI
80 WILDWOOD DRIVE
CARLISLE, MA 01741

*Katalin Egri* Pro Se June 21, 2022
KATALIN EGRI
80 Wildwood Drive
CARLISLE, MA 01741

*Linda K Taylor* Pro se June 22, 2022
Linda K Taylor
879 Concord Street
Carlisle, MA 01741

*Susan Proverzer* Pro Se 6/22/2022
Susan Proverzer
70 Mill Pond Ln
Carlisle, MA 01741

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 22rd day of June, 2022, served a copy of the foregoing upon the following by USPS Priority Mail:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

jdavis@piercedavis.com

_____*Michael Bush*_____, Pro Se

Michael Bush

Page 6 of 6 (additional signatures inserted between pages 5 and 6)