IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR;  )<br>LISA TIERNAN; KATE HENDERSON;  )<br>ROBERT EGRI; KATALIN EGRI;  )<br>ANITA OPTIZ; MONICA GRANFIELD,  )<br>ANN LINSEY HURLEY; IAN SAMPSON;  )<br>SUSAN PROVENZANO;  )<br>JOSEPH PROVENZANO,  )<br>   *Pro Se Plaintiffs*  )<br><br>VS.  )<br><br>LINDA FANTASIA; MARTHA FEENEY-PATTEN;  )<br>ANTHONY MARIANO; CATHERINE GALLIGAN;  )<br>JEAN JASAITIS BARRY; PATRICK COLLINS;  )<br>DAVID ERICKSON; TIMOTHY GODDARD;  )<br>TOWN OF CARLISLE; JOHN DOE; JANE DOE  )<br>   *Defendants* | CASE NO.: 1:21-cv-11794-ADB |

## **PLAINTIFFS' MEMORANDUM OF REASONS IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY**

  In accordance with Local R. Civ. P. 7.1(b)(1), the Pro Se Plaintiffs hereby submit this memorandum of reasons in support of their attendant motion. The certificate of service is in the motion itself.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................2

PRECEDENCE OF RULES OF CIVIL PROCEDURE.........................................................................3

THE DEFENDANTS' RED HERRING...............................................................................................3

THE DEFENDANTS AGREED TO DISCOVERY YET NOW REFUSE................................................3

THE DEFENDANTS WAIVED OBJECTIONS TO THE INTERROGATORIES....................................5

THE DEFENDANTS' PSEUDO RESPONSE ....................................................................................6

THE PLAINTIFFS PROPOSED SETTLEMENT YET THE DEFENDANTS REMAIN DEFIANT............7

THE PARTIES CONFERRED TO NO AVAIL ...................................................................................7

SUMMARY AND CONCLUSION ....................................................................................................8

## PRECEDENCE OF RULES OF CIVIL PROCEDURE

As 28 U.S.C. § 2072 instructs, "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals… All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Thus, the Rules of Civil Procedure the Plaintiffs cite in this memorandum take precedence over the conflicting case law the Defendants cited in their motion to stay discovery's memorandum (Dkt. 34).

## THE DEFENDANTS' RED HERRING

In their memorandum (Dkt. 34) in support of their motion to stay discovery (Dkt. 33), the Defendants mention the Michael Bush v. Acton-Boxborough Regional School District case to imply that a recent Memorandum & Order in that case should prompt this Court to stay all discovery in this case. The litigants, facts, and legal claims in that case are quite distinct from this case. Moreover, that case has not been dismissed. The Judge in that case invited that Plaintiff to file a motion for leave to file an amended complaint. The Plaintiff in that case did so and in his memorandum clarified some points that had erroneously led the Judge to allow those Defendants' motion to dismiss.

## THE DEFENDANTS AGREED TO DISCOVERY YET NOW REFUSE

Fed. R. Civ. P. 26(a)(1)(A) requires that the parties serve initial disclosures. The parties did that months ago.

Fed. R. Civ. P. 26(f)(1) and (2) require that the parties confer regarding settlement, discovery, and other matters. The parties did that by telephone back on May 17th, 2022. The

minutes of that conference are enclosed as <u>Exhibit 1</u>. The minutes were prepared by Plaintiff and conference participant Michael Bush and reviewed and approved by Plaintiff Robert Egri who also participated in the entire conference. The other participant was the Defendants' legal counsel John Davis. After Plaintiff Egri reviewed and approved the minutes, Plaintiff Bush emailed the minutes to Defendants' Counsel Davis for his review. A copy of that email exchange on May 19th, 2022 between Bush and Davis is enclosed as <u>Exhibit 2</u>. In the email exchange, Bush communicated "Please let me know in writing if you have any corrections. Otherwise, I'll assume you're satisfied with its accuracy." Attorney Davis replied he would "review and get back to you." None of the undersigned Plaintiffs have heard from Attorney Davis or the Defendants about that conference's minutes since then. On page 3 of the Defendants' memorandum (Dkt. 34) in support of their motion to stay discovery (Dkt. 33), they now make patently false claims about what Attorney Davis agreed to on their behalf in that Rule 26(f) conference (documented in the last paragraph of page 3 of <u>Exhibit 1</u>).

    A good deal of matters pertinent to this motion were discussed in that Rule 26(f) conference on May 19th and the Plaintiffs would appreciate it if this Court would read the minutes to have a complete understanding. But some notable portions include: "Plaintiff Egri said that he is elderly, is concerned that the lawsuit has been idle for considerable time with no progress, and that he wants to make progress while he is around to experience that. He requested that discovery begin immediately and objected to the Defendants' delaying discovery. Attorney Davis acknowledged Egri's concern and stated that the Defendants do not desire to delay discovery" and "Plaintiff Bush said that the only formal discovery methods he was aware the Plaintiffs wished to use before the court's ruling on the motion to dismiss were: 1) serving about two more interrogatories, 2) serving a dozen or fewer requests for production of documents, and

3) conducting two or three depositions. He noted that most or all of the documents they might request production of would likely be public records anyway, so he would hope the Defendants would not object to that discovery. Attorney Davis said that number of interrogatories and requests for production of documents would be agreeable but that he would not accommodate depositions before the court's ruling on the motion to dismiss." The Defendants, via Attorney Davis, now refuse to even respond to the interrogatories and requests for production of documents they agreed to fulfill in that conference months ago.

On July 13th, 2022 pro se Plaintiff Michael Bush emailed the Defendants' attorney John Davis and communicated "As the defendants' answers to the first round of interrogatories are now quite overdue, I have not received a response from you to my attached letter dated June 22nd (which included requests for copies of documents), and I have not received a response from you to my below follow up email message of June 24th, this message is my last ditch effort to resolve the issues. I would prefer to avoid taking up the court's time with a motion to compel when the fact that the defendants' answers to the first round of interrogatories are overdue is not in dispute between us." Attorney Davis replied the next day that "I apologize for my delayed response. There should be no need to engage in motion practice. I am working on the discovery responses and should have them to you by the end of the month." That email exchange is enclosed as <u>Exhibit 3</u>. Yet here we are over a month later engaging in motions regarding the Defendants' failure to answer any of the interrogatories and failure to produce the documents requested in Plaintiff Bush's June 22nd letter (enclosed as <u>Exhibit 4</u>).

### THE DEFENDANTS WAIVED OBJECTIONS TO THE INTERROGATORIES

The Plaintiffs have served four sets of interrogatories to separate Defendants, each set containing no more than three interrogatories each. The Defendants failed to serve any objection

or response whatsoever to any of the interrogatories within the 30 days required by Fed. R. Civ. P. 33(b)(2).

Per Fed. R. Civ. P. 33(b)(4) and Local R. Civ. P. 33.1(c)(1), by failing to serve any objections within 30 days of service of the interrogatories, the Defendants thereby waived all objections to the interrogatories.

## THE DEFENDANTS' PSEUDO RESPONSE

The only response any of the Defendants have provided to the Plaintiffs' four distinct sets of interrogatories was a response served long after the 30 day deadline specified by Fed. R. Civ. P. 33(b)(2). That response is enclosed as Exhibit 5. As their response was delinquent, they waived all objections to the interrogatories—yet nonetheless raised objections in their response.

Importantly, that response was not provided by the individual Defendants to whom the interrogatories were directed. The response was provided by the Board of Health, which is not a party to this lawsuit. That set of interrogatories (enclosed as Exhibit 6) was served on the individual members of the Board of Health, who are each individually named Defendants in this suit. Fed. R. Civ. P. 33(b)(1) instructs that "*Responding Party*. The interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." As the Board of Health is not a party and was not served with the interrogatories, it cannot serve a response to them. Furthermore, Fed. R. Civ. P. 37(a)(4) instructs that "*Evasive or Incomplete Disclosure, Answer, or Response*. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

The Plaintiffs have yet to receive any response whatsoever to the other three sets of interrogatories they served on various Defendants on May 6th and June 22nd of 2022. (Enclosed as Exhibits 7, 8, and 9.)

## THE PLAINTIFFS PROPOSED SETTLEMENT YET THE DEFENDANTS REMAIN DEFIANT

In accordance with Local Rule of Civil Procedure 16.1(c), on April 7, 2022 pro se Plaintiff Bush emailed terms of a proposed settlement to the Defendants via Attorney Davis. In the May 17th Rule 26(f) teleconference, "Attorney Davis said that he did not yet have a response to the Plaintiffs' settlement proposal from the Defendants but would give the Plaintiffs such a response before the court's scheduling conference occurs". To date, the Defendants have provided no response whatsoever.

The Plaintiffs are open and eager to resolve this matter. Discovery would facilitate settlement by helping to make clear for the parties what the evidence and facts likely to be presented at trial are. By obstructing discovery, the Defendants also hinder settlement.

Of course, regardless of the status of or prospects for settlement, parties are entitled to serve and receive responses to their discovery requests.

## THE PARTIES CONFERRED TO NO AVAIL

Pro Se Plaintiff Michael Bush emailed the Defendants' attorney John Davis on August 4th, 2022, specified discovery issues needing resolution (including the Plaintiff's need to conduct depositions), and requested to schedule a Local Rule 7.1(a)(2) teleconference to resolve or narrow the issues. Attorney Davis replied. That exchange is enclosed as Exhibit 10.

In their August 16th, 2022 teleconference, Pro Se Plaintiffs Robert Egri, Michael Bush, and Susan Provenzano discussed the Defendants' failures to respond to discovery requests

identified *supra* with the Defendants' attorney John Davis. Attorney Davis said the Defendants refuse to respond to or fulfill any discovery requests unless or until the Court rules on their motion to dismiss (served on December 2, 2021). The Plaintiffs suggested consolidating the motion to compel discovery, motion to stay discovery, and the oppositions to those motions into one motion for the Court's convenience. The Plaintiffs and Attorney Davis discussed that idea but could not come to agreement on that approach. They agreed that the Plaintiffs would file a motion to compel and the Defendants would file a motion to stay.

## SUMMARY AND CONCLUSION

Whereas:

1. The Rules of Civil Procedure take precedence over any conflicting case law, and
2. By failing to serve any objections to the Plaintiffs' interrogatories within 30 days the Defendants thereby waived all objections, and
3. The Defendants have failed to serve any response to Plaintiff Michael Bush's June 22nd, 2022 request for production of documents, and
4. The Defendants agreed to fulfill the Plaintiffs' above discovery requests yet now refuse, and
5. Interrogatories, production of documents, and depositions are ordinary, routine, important, obligatory procedures of discovery.

Wherefore, in accordance with Fed. R. Civ. P. 37(a) the Pro Se Plaintiffs request this Court order that:

1. The Defendants upon whom the four sets of interrogatories were served now serve their complete, responsive answers along with production of attendant documents upon the Plaintiffs within 14 days, and

2. The Defendants serve upon the Plaintiffs within 14 days a complete production of documents in accordance with Plaintiff Michael Bush's June 22nd, 2022 requests for production of documents, and

3. The Defendants submit to depositions by oral examination in accordance with Fed. R. Civ. P. 30., and within the limitations set by Loc. R. Civ. P. 26.1(c).

4. The Defendants otherwise comply with all discovery procedures and requirements in the Federal and Local Rules of Civil Procedure.

Respectfully Submitted,

Dated: August 29, 2022

*Michael Bush*, Pro se
Michael Bush
280 Lowell Street
Carlisle MA 01741
Phone: 978-734-3323
Email: bmoc54@verizon.net

*[signature]* Egri          pro se, August 26, 2022

ROBERT EGRI
80 Wildwood Drive
Carlisle, MA 01741


Katalin H. Egri      pro se  August 26, 2022

KATALIN H. EGRI
80 Wildwood Dr.
Carlisle, MA 01741


*[signature]*            pro se    August 27, 2022

Lisa Tiernan
116 Lowell Rd.
Westford, MA 01886


*[signature] Linda K Taylor*       pro se    August 28, 2022

LINDA K TAYLOR
879 Concord Street
Carlisle, MA 01741


Monica Granfield      pro se    August 29, 2022

MONICA GRANFIELD
110 CARLISLE PINES DR
CARLISLE, MA 01741

*Ann Li Hur* prose August 29, 2022

ANN LINSEY HURLEY
10 HALF MOON Hill
Acton, MA  01720