UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH; LINDA TAYLOR; | ) |
| LISA TIERNAN; KATE HENDERSON; | ) |
| ROBERT EGRI; KATALIN EGRI; | ) |
| ANITA LOPEZ; MONICA GRANFIELD; | ) |
| ANN LINSEY HURLEY; IAN SAMPSON; | ) |
| SUSAN PROVENZANO; and JOSEPH PROVENZANO, | ) |
| *pro se* Plaintiffs, | ) |
| | ) |
| VS. | ) C.A. NO. 1:21-cv-11794-ADB |
| | ) |
| LINDA FANTASIA;  MARTHA FEENEY-PATTEN; | ) |
| ANTHONY MARIANO; CATHERINE GALLIGAN; | ) |
| JEAN JASAITIS BARRY; PATRICK COLLINS; | ) |
| DAVID ERICKSON; TIMOTHY GODDARD; and | ) |
| TOWN OF CARLISLE, | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

On August 19, 2022, defendants filed a Motion to Stay Discovery in the above-captioned matter (ECF Doc. No. 33) together with a Memorandum of Law in support. (ECF Doc. No. 34). The Motion to Stay was based on the grounds that defendants have moved to dismiss plaintiffs' *pro se* Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state claims upon which relief can be granted. (ECF Doc. No. 21). Thus, pursuant to its inherent powers to stay proceedings for prudential reasons and authority to issue protective orders under Fed.R.Civ.P. 26(c)(1), this Court has good cause to temporarily stay all discovery in this matter pending the outcome of defendants' Motion to Dismiss.

On August 29, 2022, plaintiffs filed their Opposition to defendants' Motion to Stay (ECF Doc. No. 38) together with a Motion to Compel Discovery. (ECF Doc. No. 36). In their Memorandum in Support of the Motion to Compel, plaintiffs ask this Court to order defendants (1) to serve Answers to plaintiffs' four sets of Interrogatories, together with attendant documents,

within 14 days; (2) to serve responsive documents to plaintiff, Michael Bush's Request for Production of Documents within 14 days; and (3) to submit to depositions by oral examination in accordance with Fed.R.Civ.P. 30. (ECF Doc. No. 37, at 8-9). For the reasons set forth below, this Court should DENY plaintiffs' Motion to Compel.

## I. BACKGROUND

Twelve *pro se* plaintiffs bring this action against the Town of Carlisle, the former Town Administrator, the Health Agent, the Library Director and five Board of Health ("BOH") members. In their Complaint, *pro se* plaintiffs claim (among other things) that a mask mandate adopted by the BOH on August 26, 2021 in response to the COVID-19 Pandemic discriminated against them in violation of Title II of the Americans with Disabilities Act ("ADA") and M.G.L. c. 272, § 98, and violated their rights to equal protection as guaranteed under the Fourteenth Amendment. 42 U.S.C. § 1983. (ECF Doc. No. 1-2). The mandate required face masks to be worn in "all indoor public spaces, or private spaces open to the public within the Town of Carlisle ...." It also contained an exemption for those individuals "unable to wear a face mask due to a medical condition or disability ...." (Id., Exhibit 5). On February 23, 2022, the BOH lifted the mask mandate and replaced it with a mask advisory in accordance with recommendations from the Centers for Disease Control and Prevention ("CDC") and the Massachusetts Department of Public Health ("DPH"). (ECF Doc. 28).

On January 5, 2022, the Carlisle defendants moved to dismiss all nine Counts of plaintiffs' Complaint under Rule 12(b)(6) for failure to state claims upon which relief can be granted. (ECF Doc. Nos. 21, 21-1 & 22). Plaintiffs filed an Opposition to defendants' Motion to Dismiss (ECF Doc. Nos. 23 & 23-1 – 23-8) and, by leave of Court, defendants filed a Reply Brief. (ECF Doc. No. 26).

By letter dated March 11, 2022, defendants advised the Court that the challenged mask mandate was lifted by the Carlisle BOH and replaced with a mask advisory. (ECF Doc. No. 28).[1] On March 30, 2022, plaintiffs submitted to the Court a Letter Addressing Mootness Doctrine together with several Exhibits. (Doc. Nos. 31 & 31-1 – 31-4). On April 13, 2022, defendants filed a Response to Plaintiffs' Letter Addressing Mootness Doctrine together with one Exhibit. (ECF Doc. Nos. 32 & 32-1).

Although no scheduling conference has yet been scheduled or held in this matter, and no scheduling order has yet been issued pursuant to Fed.R.Civ.P. 16(d), *pro se* plaintiffs served their initial disclosures on May 6, 2022. Thereafter, the parties held a Rule 26(f) conference on May 17, 2022, during which defendants agreed to serve initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A), which they did on June 3, 2022.

On May 6, 2022, plaintiffs served First Interrogatories to the Town of Carlisle BOH members and Director of the Gleason Public Library, Martha Feeney-Patten. During a subsequent telephone conference with *pro se* plaintiffs, Michael Bush and Robert Egri, defense counsel suggested the parties agree to stay all discovery pending the outcome of defendants' Motion to Dismiss. *Pro so* plaintiffs did not agree to defense counsel's suggestion. Defense counsel volunteered, nonetheless, to respond to plaintiffs' First Interrogatories, but made no representations regarding any future discovery requests. On June 22, 2022, plaintiffs served a Request for the Production of Documents on defendants, as well as First Interrogatories on the Town of Carlisle and Second Interrogatories to the Town of Carlisle BOH members.

---

[1] On March 14, 2022, the Court denied plaintiffs' Motion to Strike defendants' letter. (ECF Doc. Nos. 29 & 30).

On August 1, 2022, the BOH served Answers to plaintiffs' First Interrogatories on behalf of the Board alone signed by Tony Mariano, as Chairman of the BOH, together with 197 pages of responsive documents. Plaintiffs maintain these Answers are insufficient and that each BOH member must respond to the First Interrogatories *individually*.

During a Local Rule 7.1 conference held on August 16, 2022, *pro se* plaintiffs, Michael Bush, Robert Egri and Susan Provenzano, and defense counsel discussed: (1) plaintiffs' proposed Motion to Compel Discovery; and (2) defendants' proposed Motion to Stay Discovery pending the outcome of defendants' Motion to Dismiss. During the conference, *pro so* plaintiff Michael Bush advised defense counsel of plaintiffs' intended plans to notice and conduct two-to-three depositions upon receipt of defendants' responses to plaintiffs' written discovery requests. To date, defendants have propounded no discovery to the *pro se* plaintiffs.

On September 1, 2022, defense counsel and three *pro se* plaintiffs held another Local Rule 7.1 conference in a good faith effort to resolve or narrow the issues regarding plaintiffs' proposed Motion for Leave to File an Amended Complaint. During the conference, plaintiffs stated their intent to move to amend their Complaint to withdraw some plaintiffs, to add some new plaintiffs, and to assert additional facts and claims. Defense counsel stated defendants' intent to oppose such a motion.

## II.  ARGUMENT

**A.**  **BECAUSE GOOD CAUSE EXISTS TO STAY ALL DISCOVERY PENDING THE OUTCOME OF DEFENDANTS' MOTION TO DISMISS, PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED.**

In the Memorandum of Law in Support of their Motion to Stay Discovery (ECF Doc. No. 34), defendants show good cause for why all discovery in this matter should be stayed pending the

outcome of defendants' Motion to Dismiss. Defendants will not repeat that entire showing here, but nonetheless call this Court's attention to five points regarding plaintiffs' Motion to Compel.

First, this Court has "the inherent discretionary authority to stay a civil action if the interests of justice so require." Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) (citing Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77-78 (1st Cir. 2004)). This Court also has authority under the Federal Rules of Civil Procedure to issue protective orders regarding the timing of discovery upon a showing of good cause. Fed.R.Civ.P. 26(c)(1). Second, a pending motion to dismiss has frequently been held to satisfy the good cause standard for a stay of discovery. See, e.g., Steward Health Care System LLC v. Southcoast Health System, Inc., 2016 WL 11004353, at *2 (D. Mass. June 15, 2016); Channing Bete Co., Inc. v. Greenberg, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021). That standard is clearly satisfied here where defendants' Motion to Dismiss comprehensively addresses all ten Counts of plaintiffs' Complaint and, in light of Judge Indira Talwani's recent decision in the companion mask mandate case,[2] stands a favorable chance of success.[3] Third, a temporary stay would save defendants from incurring potentially unnecessary costs and expenses in responding to plaintiffs' discovery. See In re Lernout & Hauspie Securities Litigation, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) ("Court retains ample discretion to tailor discovery to minimize incidental costs incurred by defendants with pending motions to dismiss.") Fourth, a temporary stay would relieve defendants (including unpaid BOH members) from expending the time necessary to prepare discovery responses and testify at depositions. See McClain v. Hoover, 2022 WL 4102064, at *2 (M.D. Penn. Sept. 7, 2022) ("[P]arties who file

---

[2] Michael Bush v. Acton-Boxborough Reg'l Sch. Dist., et al., C.A. No. 1:21-cv-12039-IT.
[3] Plaintiffs label this reference a "red herring" dispute the substantial overlap in timing, parties, facts alleged and issues raised between the pending case and Mr. Bush's companion action against Acton-Boxborough.

motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court.") Fifth, a temporary stay would not prejudice plaintiffs as the challenged mask mandate was lifted by the BOH nearly six months ago – on February 23, 2022. Because good cause exists to stay all discovery, plaintiffs' Motion to Compel should be denied. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (holding court should rule on motion to dismiss before ruling on motion to compel discovery).

**B.    BECAUSE PLAINTIFFS INTEND TO SEEK LEAVE TO AMEND THEIR COMPLAINT, DISCOVERY IS PREMATURE AND PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED.**

By plaintiffs' own recent admission, they are not done identifying the parties to this case and/or framing the issues and claims they wish to pursue. As acknowledged during the Local Rule 7.1 conference held with defense counsel on September 1, 2022, the *pro se* plaintiffs intend to move to amend their Complaint to add and subtract individual plaintiffs and to plead additional facts and claims. Until the parties, the alleged facts and plaintiffs' claims are fully disclosed and defined, discovery is premature. See In re Stone & Webster, Inc. Securities Litigation, 2006 WL 2828489, at *3 (D. Mass. Sept. 29, 2006) (scope of discovery may be affected by proposed amendments to complaint). Even if plaintiffs move to amend their Complaint, and even if that Motion is allowed, defendants will likely move to dismiss plaintiffs' Amended Complaint a second time as the shortcoming in plaintiffs' original Complaint cannot (in defendants' view) be remedied by amendments. Good cause to stay discovery will still exist. Compare Faulkner v. Verizon Communications, Inc., 156 F. Supp. 2d 384, 406 (S.D.N.Y. 2001) (stay of discovery extended

under Private Securities Litigation Reform Act (PSLRA) pending determination of motion to dismiss amended complaint). This Court should deny plaintiffs' Motion to Compel.

**C.**   **BECAUSE THE DEFENSE OF QUALIFIED IMMUNITY SHOULD BE DECIDED BEFORE DISCOVERY IS CONDUCTED, PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED.**

As one ground for the dismissal of plaintiffs' Complaint, the individual defendants raised the defense of qualified immunity. (ECF Doc. No. 22, at 14-15). The defense of qualified immunity "recognizes that litigation is costly to defendants." Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664, 667 (1st Cir. 1996). Moreover, "qualified immunity is an 'immunity from suit rather than a mere defense to liability.'" Disessa v. O'Toole, 2021 WL 2018934, at *4 (D. Mass. May 20, 2021) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The "driving force" behind the doctrine is to "ensure that 'insubstantial claims' against government officials be resolved *prior to discovery*." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (emphasis added) (quoting Anderson v. Creighton, 483 U.S. 635, 640 n. 2 (1987)). See Mitchell, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.")

If defendants are compelled to respond to plaintiffs' written discovery requests and to give deposition testimony *before* this Court rules on their Motion to Dismiss, the defense of qualified immunity will be compromised or lost. This Court should deny plaintiffs' Motion to Compel.

**D.**   **PLAINTIFFS' MOTION TO COMPEL MISSTATES DEFENDANTS' POSITION.**

In a spirit of cooperation, defense counsel volunteered to respond to plaintiffs' First Interrogatories to the Town of Carlisle BOH members served on May 6, 2022. In so doing, however, defense counsel neither agreed to respond to all of plaintiffs' discovery requests nor waived any objections thereto. Indeed, defense counsel expressly recommended (consistent with

7

the law set forth above) that all discovery in this matter be stayed pending the outcome of defendants' Motion to Dismiss. On August 1, 2022, the BOH served Answers to plaintiffs' First Interrogatories on behalf of the Board alone signed by Tony Mariano, as Chairman of the BOH, together with 197 pages of responsive documents.[4] Plaintiffs maintain these Answers are somehow insufficient and that each BOH member must respond to the First Interrogatories *individually*.

Plaintiffs unfairly view defendants' cooperation as a "gotcha." Because defendants responded to *some* written discovery, they are now somehow obliged (in plaintiffs' view) to respond to plaintiffs' four sets of Interrogatories and Request for the Production of Documents, and provide deposition testimony. Under Rule 26, discovery is to be "proportional to the needs of the case …." Fed.R.Civ.P. 26(b)(1). Among the factors to consider in determining such needs is "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Defendants should not be faulted for taking a proportional approach by providing plaintiffs with some information and materials without overburdening the defendants. This Court should deny plaintiffs' Motion to Compel.

### III.  CONCLUSION

For the reasons set forth above, and for the reasons set forth in defendants' Memorandum of Law in Support of Defendants' Motion to Stay Discovery (ECF Doc. No. 34), this Honorable Court should DENY plaintiffs' Motion to Compel and ALLOW defendants' prior Motion to Stay Discovery. (ECF Doc. No. 33).

---

4 BOH Chairman Mariano's Answers to Interrogatories are substantive and responsive. A copy of those Answers (without the 197 pages of accompanying documents) are attached hereto as Exhibit 1.

Respectfully submitted,

The Defendants,

LINDA FANTASIA, MARTHA FEENEY-PATTEN,
ANTHONY MARIANO, CATHERINE GALLIGAN,
JEAN JASAITIS BARRY, PATRICK COLLINS,
DAVID ERICKSON, TIMOTHY GODDARD and
TOWN OF CARLISLE,

By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ John J. Davis*

_____

John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

Dated:  September 9, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 9, 2022 as follows:

Michael Bush
280 Lowell Street
Carlisle, MA 01741

Linda Taylor
879 Concord Street
Carlisle, MA 01741

Lisa Tiernan
116 Lowell Street
Westford, MA 01886

Kate Henderson
559 Lowell Street
Carlisle, MA 01741

Robert Egri
80 Wildwood Drive
Carlisle, MA 01741

Katalin Egri
80 Wildwood Drive
Carlisle, MA 01741

Anita Opitz
51 Bingham Road
Carlisle, MA 01741

Monica Granfield
110 Carlisle Pines Drive
Carlisle, MA 01741

Ann Linsey Hurley
10 Half Moon Hill
Acton, MA 01720

Ian Sampson
315 Fiske Street
Carlisle, MA 01741

Susan Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

Joseph Provenzano
80 Mill Pond Lane
Carlisle, MA 01741

*/s/ John J. Davis*

_____
John J. Davis, Esq.